PER CURIAM.
Plaintiff, Alfredo Duran, as personal representative of the Estate of Carlos Prio Socarras, deceased, appeals an order allowing claim and ordering payment.
Carlos Prio Socarras died on April 5,1977 and his estate was opened by the filing of a petition for administration on May 16. Previous thereto, The Royal Bank of Canada on May 5 had filed a caveat pursuant to Fla. R. P. & G. P. 5.260(a)[1] (effective January 1, 1976).
Although letters of administration were issued on June 8, 1977, the clerk of the court failed to notify The Royal Bank, cave-ator, as required by Fla. R. P. & G. P. 5.260(d).[2] Subsequently, The Royal Bank on March 19, 1979, a year and a half after the expiration of the three month period for filing claims, became aware that the estate had been opened and filed its claim and petition for payment. A hearing was held on Royal Bank’s petition for payment of claim at which Alfredo Duran, personal representative of the Estate of Carlos Prio Socarras, objected on the ground that the claim was not timely filed and therefore barred by Section 733.702, Florida Statutes (1977). After hearing argument of counsel the trial court entered an order allowing Royal Bank’s claim and ordering payment on the ground that the nonfeasance or malfeasance of the clerk of the court should not operate to the detriment of the creditor, Royal Bank. Alfredo Duran appeals this order. We affirm.
The decisions in Lord v. Department of Health & Rehabilitative Serv., 296 So.2d 561 (Fla.1st DCA 1974) and Gomez v. Jackson Memorial Hospital, 309 So.2d 564 (Fla.3d DCA 1975) are controlling. We, therefore, agree with the conclusion of the trial court that the failure of the clerk of the court to notify the caveator that the administration had commenced should not inure to the benefit of the estate and operate to the detriment of the creditor. In the case at bar, The Royal Bank, the caveator, did all it was required to do to preserve its right to file a claim against the estate and this claim should not be barred for the failure of the court clerk to follow applicable procedures once a caveat has been filed.
Affirmed.

. “(a) If any creditor of the estate of a decedent is apprehensive that the estate will be administered without his knowledge, or if any person other than a creditor is apprehensive that an estate may be administered or that a will may be admitted to probate without his knowledge, he may file a caveat with the court.”

. “(d) If at the time of the filing of any caveat the decedent’s will has been admitted to probate or letters of administration have been issued on such estate, the clerk shall forthwith notify the caveator in writing, advising him of the date of issuance of letters, and the names and addresses of the personal representative of the estate and his attorney. When letters of administration issue after the filing of a caveat by a creditor, the clerk shall forthwith notify such caveator, in writing, advising him of the date of issuance of letters and the names and addresses of the personal representative and his attorney, unless notice has previously been served on such caveator. Copy of any notice required to be given by the clerk herein, together with a certificate of the mailing of the original thereof, shall be filed in the estate proceedings.”