BASKIN, Judge.
After Helen Clark died, her sister-in-law, Regina Fogel, challenged the final will and various gifts made by the decedent to her sister, Norma Swann, and her sister’s husband, attorney Richard Swann. The will, executed a few months before Helen Clark’s death, revoked a will she had executed approximately six years earlier; the earlier will left her estate to appellant Fo-gel. Because Helen Clark transferred all her property to the Swanns shortly before her death, the Swanns did not offer her will for probate; however, Mrs. Fogel filed a petition to probate the earlier will. The trial court conducted an adversary proceeding to determine the validity of the later will and the inter vivos transfers to the Swanns. After hearing testimony concerning whether the Swanns exercised undue influence over the decedent, who resided with them during her terminal illness and until her death, the trial court concluded that the last will was not the product of undue influence: the Swanns had overcome the presumption of undue influence, and Mrs. Fogel had failed to meet her burden of showing undue influence by “clear and convincing evidence.” The court found that even if the last will and the gifts had been the result of undue influence, the provision revoking the earlier will would nevertheless be valid as the estate would then pass to Norma Swann by reason of intestacy. However, the court ruled that no property passed under the last will be *1229 cause the property had been transferred by inter vivos gifts. We affirm the Final Judgment entered by the trial court even though it contains incorrect statements of law, particularly as to the applicable standard of proof.
The first issue for consideration is the validity of the inter vivos gifts to the Swanns. If the gifts were valid, nothing remained for distribution under the will. Inter vivos transfers of property fall within the rule of In re Estate of Carpenter, 253 So.2d 697 (Fla.1971). Cripe v. Atlantic First Nat’l Bank, 422 So.2d 820 (Fla. 1982); Williamson v. Kirby, 379 So.2d 693 (Fla. 2d DCA 1980); Bryant v. Bryant, 379 So.2d 382 (Fla. 1st DCA 1979). The Carpenter rule invokes a presumption of undue influence when a primary beneficiary who has a confidential relationship with a testator or donor actively procures a bequest or gift. In re Estate of Carpenter, 253 So.2d at 701. Cripe reiterates that the burden of “going forward” with (not of proving) undue influence is initially on the contesting party; circumstances which create a presumption of undue influence shift the burden to the other side, but a reasonable response to the presumption, such as offering a reasonable explanation for an active role in the decedent’s affairs, erases the presumption. Cripe, 422 So.2d at 823. “[T]he standard of proof required of the moving party [is] the preponderance (greater weight) of the evidence.” Cripe, 422 So.2d at 823; see Ahlman v. Wolf, 483 So.2d 889 (Fla. 3d DCA 1986); In re Estate of Lightfoot, 433 So.2d 607 (Fla. 4th DCA 1983), review denied, 444 So.2d 417 (Fla.1984).
A party’s dependent condition is relevant to the issue of undue influence only after a confidential relationship exists; dependency alone does not establish a confidential relationship. A confidential relationship is one involving trust and reliance. In re Estate of Carpenter, 253 So.2d at 702. Once a confidential relationship exists, active procurement of a financial benefit raises a presumption of undue influence requiring defendants to provide a reasonable explanation for undertaking active roles. The trier of fact is responsible for determining the sufficiency of the explanation and, when the presumption vanishes, must decide the case in accordance with the greater weight of the evidence. See In re Estate of Carpenter, 253 So.2d at 704.
In the case before us, Richard Swann, as attorney for Helen Clark, maintained a confidential relationship with Helen Clark. That relationship gave rise to a presumption of undue influence. Although Richard Swann did not prepare Helen Clark’s will, he did direct an associate to prepare the will along with a power of attorney. Both Richard and Norma Swann were present when a deed, the power of attorney, and the will were executed. Richard Swann brought a notary and witnessed the signing of the will. The Swanns’ active participation in Helen Clark’s affairs made it incumbent upon them to present the court with a reasonable explanation which would overcome the presumption that their activities unduly influenced Helen Clark to give them her property.
The evidence persuaded the trial court that Helen Clark was an independent woman who seldom saw her elderly sister-in-law, appellant Fogel, during the twenty years preceding her death.[1] On the other hand, Mrs. Clark corresponded and communicated with her sister, appellee Norma Swann, frequently. Mrs. Clark’s mental capacity was never questioned.
The trial court concluded that even though decedent Clark had stated that she did not want her sister to receive her estate, “when death knocked at her door she wanted her only sister to be with her so that she would die with her family; and the decedent died in her sister’s home, after having gone there voluntarily when she became terminally ill.” The trial court noted the close family relationship between the sisters, and the fact that Mrs. Clark made gifts to her sister over an extended period of time. The court was impressed by evidence that Mrs. Clark turned to her *1230 sister when she was in need of help. Those circumstances convinced the court that the Swanns adequately explained their active role in Mrs. Clark’s affairs. Although we find error in the trial court’s statement as to the burden of proof, we hold that the court applied the correct standard when it evaluated the evidence necessary to overcome the presumption of undue influence. The evidence demonstrates that the Swanns did not unduly influence Mrs. Clark to transfer her property to them. The court reasoned, correctly, that the inter vivos gifts to the Swanns were valid.
Although we dispose of this case by holding that the inter vivos gifts were valid and, thus, nothing remained in the estate to pass by will, we nevertheless add that if the property were found to be within the purview of the will naming Norma Swann as beneficiary, the same principle would render that will valid under the circumstances of this case.[2]
Affirmed.

. Helen Clark saw Regina Fogel only three times during that period.

. The trial court’s statement that the earlier will revocation would remain in effect regardless of the validity of the later will was erroneous, but immaterial.