PER CURIAM.
Appellants, Lucy K. Gorman, Personal Representative of the Estate of William Matthew Wickham, and Lucy K. Gorman and Jerry J. Gorman, Co-Trustees under William Matthew Wickham’s Revocable Trust, appeal a final judgment in favor of appellees, Mary Ellen Harrison, Colleen Sparks, Thomas J. Porter, Lucille W. Watt, and Martha Brown. The final judgment in favor of appellees was on appellees’ claims of undue influence arising from Lucy Gor-man’s actively procuring the decedent, Wickham, to execute various wills, a trust, a codicil to a will, a warranty deed, and a power of attorney. We affirm.
We find there was substantial evidence to support a presumption of undue influence. A presumption of undue influence arises when a substantial beneficiary under a will or a donee of an inter vivos gift, occupies a confidential relationship with the decedent and is active in procuring the contested will or gift. Cripe v. Atlantic First National Bank of Daytona Beach, 422 So.2d 820 (Fla.1982); In re Estate of Carpenter, 253 So.2d 697 (Fla.1971); Fogel v. Swann, 523 So.2d 1227 (Fla. 3d DCA), review denied, 534 So.2d 399 (Fla.1988). In this case the record demonstrates that Lucy Gorman was a substantial beneficiary or donee under the various instruments. Lucy Gorman also occupied a confidential relationship with the decedent and was active in procuring the contested instruments.
Where a presumption of undue influence arises, the burden shifts to the beneficiary or the donee to come forward with a “reasonable explanation for his or her active role in the decedent’s affairs, and, specifically, in the preparation” of the contested instruments. In re Estate of Carpenter, 253 So.2d at 704; Sun Bank/Miami, N.A. v. Hogarth, 536 So.2d 263 (Fla. 3d DCA 1988), review denied, 545 *644 So.2d 1369 (Fla.1989); Fogel v. Swann, 523 So.2d at 1229. We agree with the trial court that appellants failed to offer a reasonable explanation for Lucy Gorman’s active role in the decedent’s affairs, especially her activities concerning the preparation of the contested instruments.
Accordingly, the final judgment of the trial court declaring the above instruments null and void, as well as nullifying the other acts performed by Lucy Gorman under the power of attorney, is affirmed.