PER CURIAM.
The personal representative under an earlier will has filed a petition for writ of certiorari, seeking review of the trial court’s order which found that he lacks standing to contest a later will. The parties agreed that the challenged order is *829 appealable under rule 5.100, Florida Probate Rules. See In re Baker’s Estate, 327 So.2d 205 (Fla.1976). For the reasons hereinafter recited, we reverse and remand, while certifying the issue here as being one of great public importance.
Historically, there has been a split of authority on the question of standing. See Annotation, Will—Contest—Personal Representative, 31 A.L.R.2d 756-69 (1953) and 80 Am.Jur.2d Wills § 911 (1975).
While the Florida Supreme Court, in In re Barret’s Estate, 40 So.2d 125 (Fla.1949), affirmed an order which dismissed a petition filed by the personal representative named in an earlier will which sought to revoke the probate of a second will, in Hopkins v. McClure, 45 So.2d 656 (Fla.1950), the court affirmed a finding that the nephew of a decedent lacked standing to contest a will where the nephew was “not shown to be either an heir at law or a beneficiary under a former will, or the personal representative in a former will ’’ (emphasis added). Moreover, the court in In re Barret’s Estate based its decision on the 1941 version of the Probate Code, which defined “interested person” as follows:
(9) “Interested persons and persons interested in the estate” shall mean heirs, legatees, devisees, distributees, spouses and creditors, or others having a property right in or claim against an estate being administered, and such words shall mean the persons entitled to the estate of a decedent in the event of intestacy.
§ 731.03(9), Fla.Stat. (1941).
The current Probate Code defines “interested person” as follows:
(21) “Interested person” means any person who may reasonably be expected to be affected by the outcome of the particular proceeding involved. In any proceeding affecting the estate or the rights of a beneficiary in the estate, the personal representative of the estate shall be deemed to be an interested person. The term does not include an heir at law or a devisee who has received his distribution. The meaning, as it relates to particular persons, may vary from time to time and must be determined according to the particular purpose of, and matter involved in, any proceedings.
§ 731.201(21), Fla.Stat. (1989) (emphasis added).
Respondent contends that although the definition of “interested person” has been altered, the change is not significant and In re Barret’s Estate should still be applicable. However, the annotator in 18 Fla.Jur.2d Decedents’ Property § 275 (1980), suggests:
Under the present Probate Code, it appears that the personal representative of a decedent’s estate may qualify as an interested person in proceedings to revoke the probate of a will although there is authority, under the former probate law, that an executor of an earlier will does not necessarily have standing to apply for revocation of probate of a later will.[1]
Section 733.212, Florida Statutes (1989), provides that an “interested person” may file an objection to a notice of administration, challenging the validity of a will. Rule 5.230(e), Florida Rules of Probate, provides that objections to the validity of a will shall follow the form and procedure pertaining to revocation of probate. Section 733.109(1), Florida Statutes (1989), provides that any “interested person” may petition the court for revocation of probate. *830 But is petitioner an “interested person?” Section 731.201(21), Florida Statutes (1989), suggests that he is.
In Fenn, Henry A., and Koren, Edward F., “The 1974 Florida Probate Code — A Marriage of Convenience,” 27 U.F. Law Review 615, 640 (1975), the authors noted that the language in the 1974 definition of interested person “may change present law that a person named as personal representative in a prior will may not contest a later will.” The 1974 definition stated:
(17) “Interested person” means heirs, devisees, the spouse, creditors, beneficiaries, sureties on a personal representative’s bond, and any other person having a property right in, or claim against, a trust estate or the estate of a decedent that may be affected by the proceeding. It also includes persons having priority for appointment as personal representative and other fiduciaries representing interested persons. The meaning, as it relates to particular persons, may vary from time to time ánd must be determined according to the particular purpose of, and matter involved in, any proceeding.
§ 731.201, Fla.Stat. (Supp.1974).
The definition was changed, in 1975, to the current version:
(21) “Interested person” means any person who may reasonably be expected to be affected by the outcome of the particular proceeding involved. In any proceeding affecting the estate or the rights of a beneficiary in the estate, the personal representative of the estate shall be deemed to be an interested person. The term does not include an heir at law or a devisee who has received his distribution. The meaning, as it relates to particular persons, may vary from time to time and must be determined according to the particular purpose of, and matter involved in, any proceedings.
We agree with petitioner that the current definition is broader than the 1974 definition, as it refers to “any person who may reasonably be expected to be affected by the outcome of the particular proceeding involved” (emphasis added). Also, the current definition expressly states that a personal representative is an interested person in any proceeding affecting the estate or the rights of a beneficiary in the estate. Additionally, petitioner correctly contends that the 1977 amendment to section 733.109 expanded prior law to authorize actions for revocation of probate by any “interested person” rather than merely by any “beneficiary.”
We agree with petitioner that “considerations of public policy, expanded rights of entry to the court system, expanded and broader statutory provisions in the Florida Probate Code, and the overriding interest of justice dictate that the nominated personal representative has standing”; and that the trial court erred in finding that petitioner lacks standing to contest the second will.
Given the split of authority on this subject historically, and the apparent absence of any current case law, from Florida or other jurisdictions, that is directly on point, we certify the following question to the supreme court as one of great public importance:
DOES THE PERSONAL REPRESENTATIVE NAMED IN AN EARLIER WILL HAVE STANDING TO CONTEST A LATER WILL?
ANSTEAD, GLICKSTEIN and WARNER, JJ., concur.

. This court is cognizant that in Scoles and Halbach, Problems and Materials on Decedents' Estates and Trusts 472 (1973), it is stated:
In an effort to reduce litigation in the area of will contests, courts and legislatures have required the parties to the suit to show an "interest” in its outcome in order to have standing to sue. While this requirement typically exists with reference to petitions for probate, the requirement is more often significant and more strictly interpreted in will contests. For example, one nominated as an executor may petition for probate but often is not allowed to contest a subsequent will.... So far as the right to contest is concerned, courts generally require the showing of a strict pecuniary interest in the denial or setting aside of probate, whatever language may be used in the statute relating to contests. Thus, where the interests of a person are the same whether probate is granted or denied, he has no right to contest.