638 So.2d 1019 (1994)
Gladys N. GROOMS, Philip A. Lehman, Susan D. Zirilli, et al., Appellant,
v.
Della K. ROYCE, as Personal Representative of The Estate of Clara Mae Enders, Appellee.
No. 93-2564.
District Court of Appeal of Florida, Fifth District.
June 17, 1994.
William R. Northcutt, of William R. Northcutt, P.A., Indian Harbour Beach, for appellant.
Thomas H. Yardley and Maureen M. Matheson, of Reinman, Harrell, Graham, Mitchell & Wattwood, P.A., Melbourne, for appellee.
HARRIS, Chief Judge.
Appellants appeal from an order admitting the will of Clara Mae Enders to probate and appointing Della K. Royce as personal representative.
Prior to Enders' death, in a separate guardianship action, her sister, Gladys Grooms, an appellant herein, and Tommy Burnett, the principal beneficiary under the contested will, filed conflicting petitions for appointment as Enders' guardian. In its order on the petitions, the trial court found:
THIS CAUSE, having come before the Court in hearing of March 18, 1993, continued on April 6, 1993, and concluded on April 9, 1993, and the Court having heard the testimony and reviewed the depositions of witnesses and having heard and considered the arguments of counsel and having been fully advised in the premises, the Court finds as follows:
1. That CLARA MAE ENDERS is an elderly person who has been dependent and vulnerable, since at least November of 1990, as a result of severe personal illness, inability to care for her own needs and the death of her husband;
2. That CLARA MAE ENDERS' dependence and vulnerability constituted a situation of duress which made her susceptible to influence and control by TOMMY D. BURNETT;
3. That flattery, physical and verbal demonstrations of affection, overreaching blandishments, and cajolery can, and in this case did, rise to the level of undue influence, depriving CLARA MAE ENDERS of the ability to make rational judgments; Vokes v. Arthur Murray, Inc., 212 So.2d 906 (2 DCA 1968);
4. That TOMMY D. BURNETT exercised his influence so as to manipulate and control CLARA MAE ENDERS, fostering the increased dependency of CLARA MAE ENDERS on TOMMY D. BURNETT for companionship, total body care, *1020 financial advice and, ultimately residential care;
5. That as a result of such dependency, CLARA MAE ENDERS paid TOMMY D. BURNETT for services which were not necessary at times of CLARA MAE ENDERS' hospitalizations, during vacations and at times when CLARA MAE ENDERS was capable of managing the activities of daily living without substantial assistance; and gave TOMMY D. BURNETT and other members of his family substantial sums of money as to which no promissory notes or other documentation was given;
6. That, as a further result of such dependency, CLARA MAE ENDERS contributed $65,000.00 to the costs of construction of improvements to and renovation of real property titled in the names of TOMMY D. BURNETT and DIANE E. BURNETT, husband and wife ... as to which CLARA MAE ENDERS received no legal interest in such property;
7. That, as a further result of such dependency, CLARA MAE ENDERS became isolated from her family and that of her deceased husband.
The court then appointed Gladys Grooms to be the guardian of Enders' person and appointed Attorney Charles Ian Nash to be the guardian of Enders' property.
After Enders' death, appellant Grooms and Philip Lehman (Enders' nephew), filed a Caveat by Interested Persons requesting that the court not admit Enders' will to probate or appoint a personal representative without formal notice to the caveators. Appellee Royce (the named personal representative in the contested will) filed a petition for administration and the appellants objected, challenging the validity of the will on the grounds of undue influence. Without hearing, the court notified appellants of his ruling on their challenge to the validity of the will by the following letter:
Enclosed for each of you is a conformed copy of the Order Admitting the Will of Clara Mae Enders to probate and appointing Della C. Royce as Personal Representative. Also enclosed is a conformed copy of the Letters of Administration issued October 2, 1993.
At the time of the entry of the enclosed Order and the issuance of the letters, I was fully aware of the Petition filed by Mr. Northcutt, formal notice of which was served on Mr. Thiebes and Mr. Yardley on September 21, 1993. I am also aware that the Petition, among other things, seeks to revoke the will and have Susan D. Zirilli appointed Personal Representative. Enclosed with each copy of this letter is a photocopy of the case of Pontrello vs. Kepler, 528 So.2d 441 (Fla. 2d DCA 1988). Della Royce is the person named in the decedent's will as personal representative and she is statutorily qualified to serve. It appears to me, therefore, that even with Mr. Northcutt's Petition already on file, I have no discretion but to enter the enclosed Order and issue the enclosed Letters. Since there appears to be no discretion, there appears to be nothing which could be accomplished by requiring a hearing prior to issuance of the enclosed Order and Letters of Administration. I felt this letter of explanation may be helpful in light of the fact that the adversary positions of the parties are already firmly on record.
This appeal follows.
The probate rules provide:
5.260 Caveat Proceedings:
(a) Filing. Any creditor or interested person other than a creditor may file a caveat with the court.
* * * * * *
(f) Other Interested Persons; Before Commencement. After the filing of a caveat by an interested person other than a creditor, the court shall not admit a will of the decedent to probate or appoint a personal representative without service of formal notice on the caveator or the caveator's designated agent. (Emphasis added).
* * * * * *
733.2123 Adjudication before issuance of letters.
A petitioner may serve formal notice of his petition for administration on interested persons. A copy of the will proposed to be *1021 admitted to probate shall be attached to the notice. No person who is served with formal notice of the petition for administration prior to the issuance of letters or who has waived notice may challenge the validity of the will, testacy of the decedent, qualifications of the personal representative, venue, or jurisdiction of the court, except in connection with the proceedings before issuance of the letters. (Emphasis added).
These provisions, read together, require that if a caveat is filed, formal notice of the submission of a will for probate must be given. Thereafter, the court must adjudicate any challenge to the will before admitting the will to probate.
The court improperly relied on Pontrello v. Kepler, 528 So.2d 441 (Fla. 2d DCA 1988). Pontrello involved a challenge to the testator's choice of personal representative, a choice that met all lawful requirements for appointment, made in an admittedly valid will. Pontrello is good law but its application to this case is not.
Appellants do not contend that Royce is not qualified to serve as personal representative; they challenge the very will that appoints her. If the will fails, then her appointment fails.
The trial court is required to rule on the challenge to the will before proceeding to probate or naming the personal representative designated by the contested will, regardless of her qualifications.
REVERSED and REMANDED.
PETERSON and DIAMANTIS, JJ., concur.