836 So.2d 1038 (2002)
In re the ESTATE OF Laura L. HARTMAN, deceased.
Diane M. Powell, Bonnie Hartman Arkus, Robert O. Hartman, and Joyce Ann Hartman, Appellants,
v.
Heather Eberhardt, as Personal Representative of the Estate of Laura L. Hartman, deceased, Appellee.
No. 2D01-4520.
District Court of Appeal of Florida, Second District.
December 27, 2002.
Rehearing Denied February 10, 2003.
G. Barry Wilkinson of Lefter, Cushman & Wilkinson, P.A., St. Petersburg, for Appellants.
London L. Bates of Gassman & Associates, P.A.; and Hamden H. Baskin, III, of Hamden H. Baskin, III, P.A., Clearwater, for Appellee.
STRINGER, Judge.
Appellants challenge orders admitting the will of Laura Hartman to probate and appointing Heather Eberhardt as personal representative of the estate. They argue that the probate court erred in entering these orders because they filed caveats and objections which required that any challenge to the will be finally determined before the appointment of a personal representative and the admission of the will to probate. Case law supports their position.
Laura Hartman executed three different wills dated October 14, 1993; August 9, 1999; and February 23, 2001. Heather *1039 Eberhardt is nominated the personal representative and is named the sole beneficiary of the will executed by Hartman on February 23, 2001. After Hartman's death, Eberhardt filed a petition for family administration of the will. Prior to that filing, however, Appellants had filed caveats pursuant to Florida Probate Rule 5.260(f), advising of their interests in the estate. Appellants and others not party to this appeal also filed competing petitions for the administration of Hartman's will and objections to Eberhardt's petition. Appellants' objections alleged that the February 23, 2001, will was invalid for lack of competency, undue influence, and improper execution. The probate court never ruled on the validity of the will in view of the allegations asserted in the objections. In addition to filing caveats and objections, Appellants moved to have a curator appointed to protect the assets of the estate pending a determination on the competing petitions for administration.
Section 733.201(1), Florida Statutes (2000), provides that "[s]elf-proved wills executed in accordance with [the probate] code may be admitted to probate without further proof." A will may be contested under this provision after it has been admitted to probate. On the other hand, section 733.2123, Florida Statutes (2000), provides that challenges may be adjudicated before the issuance of letters of administration and admission of a will to probate. This section provides:
A petitioner may serve formal notice of his or her petition for administration on interested persons.... No person who is served with formal notice for administration prior to the issuance of letters or who has waived notice may challenge the validity of the will, testacy of the decedent, [or] qualifications of the personal representative ... except in connection with the proceedings before issuance of the letters.
§ 733.2123 (emphasis supplied). This section must be read in conjunction with rule 5.260 and section 731.110, Florida Statutes (2000). These provisions govern caveat proceedings in which interested persons may contest a will prior to its admission to probate.
If a caveat pursuant to rule 5.260 and section 731.110 has been filed, section 733.203, Florida Statutes (2000) (Notice; when required), provides that the petitioner shall follow the procedure set forth in section 733.2123. Thus it appears that if caveats are filed, the permissive language of section 733.2123 becomes mandatory and requires that the petitioner serve formal notice of his or her petition upon caveators. The implication of the notice mandate for section 733.2123 entitled "Adjudication before issuance of letters" is that will contests and the rights of caveators must be determined prior to letters of administration being issued. Grooms v. Royce, 638 So.2d 1019, 1021 (Fla. 5th DCA 1994); see also Barry v. Walker, 103 Fla. 533, 137 So. 711 (1931) (noting that a caveat filed by a will contestant precludes the admission of the will to probate until the caveator has been given notice, thereby affording opportunity to have the will contest tried before probate).
In this case Appellants argue that because they filed caveats and objections, the probate court was obliged to make a determination on their challenge to the will prior to appointing a personal representative and admitting the will to probate. Based on our reading of sections 733.2123 and 733.203 and rule 5.260, we agree. The Fifth District considered this very issue in Grooms, 638 So.2d 1019, and reached the same conclusion, although it did so without considering the implications of section 733.203.
The objectors in Grooms challenged the validity of a will on grounds of undue *1040 influence. As Appellants have in this case, the objectors in Grooms filed caveats requesting that the court not admit the decedent's will to probate without providing them with formal notice. However, the probate court issued letters of administration and admitted the wills to probate without providing formal notice and without making a determination on the challenge to the will. Id. at 1020. The orders were reversed on appeal by the Fifth District, which held that section 733.2123 and rule 5.260 must be read together. The district court concluded that when read together, these provisions "require that if a caveat is filed, formal notice of the submission of a will for probate must be given. Thereafter, the court must adjudicate any challenge to the will before admitting the will to probate." Id. at 1021.
As in Grooms, the petitioner in this case (Eberhardt) failed to serve formal notice of her petition for administration upon the caveators (Appellants). This procedural error was compounded by the probate court's failure to make a determination on the validity of the will prior to issuing letters of administration and admitting the will to probate. We, therefore, reverse and remand for further proceedings consistent with this opinion.
Reversed and remanded.
BLUE, C.J., and FULMER, J., Concur.