972 So.2d 285 (2008)
Kenneth B. WHEELER, Appellant,
v.
Albert POWERS, etc., et al., Appellee.
No. 5D07-494.
District Court of Appeal of Florida, Fifth District.
January 18, 2008.
*286 Alex C. Costopoulos and Alexander S. Douglas, II of Pohl & Short, P.A., Winter Park, for Appellant.
David A. Burt and Donald E. Hawkins of Hawkins, Hawkins & Burt, LLP, Daytona Beach, for Appellee.
PERRY, B., Associate Judge.
Kenneth B. Wheeler appeals the trial court's order dismissing his probate revocation petition for lack of standing in the probate of the estate of Dorothy L. Powers. Because we conclude that Mr. Wheeler has standing as the alternate personal representative under a prior Will, we reverse and remand for further proceedings.
In 2000, Dorothy L. Powers and her husband, Albert Powers, retained Kenneth B. Wheeler, an estates and trust attorney, to prepare estate planning documents. Dorothy requested in her initial Will that Mr. Wheeler act as first successor trustee, personal representative, Attorney-in-Fact, and, if requested to do so by Merrill Lynch Trust Company, special trustee in her revocable trust, last Will and Testament, and durable power of attorney.
On December 13, 2001, Dorothy had Mr. Wheeler prepare an amendment to her Will wherein she disinherited her stepson, Brian Powers, and named Albert as her personal representative and Mr. Wheeler as her alternate personal representative. Dorothy and Albert were named co-trustees of the revocable trust, and upon Dorothy's death, Mr. Wheeler and Albert were to serve as co-trustees.[1]
On December 20, 2004, Dorothy created several new estate planning documents through a different attorney. These included a new Will and a new durable power of attorney naming Albert as her Attorney-in-Fact and her previously disinherited stepson, Brian, as her alternate Attorney-in-Fact. She also signed an amendment to her revocable trust that named Albert as trustee, and Brian and Wachovia Bank as alternate co-trustees.
On January 27, 2005, Dorothy signed another Will naming Albert as her personal representative and Brian as her alternate personal representative. Dorothy was involuntarily hospitalized approximately two weeks later after becoming disoriented, paranoid and suicidal. She was diagnosed with late stage Alzheimer's disease, and passed away on October 11, 2005.
On February 24, 2005, Albert resigned as Dorothy's Attorney-in-Fact due to failing health and Brian became her Attorney-in-Fact.
On October 19, 2005, Mr. Wheeler filed a Caveat by Interested Person. The caveat *287 stated that Mr. Wheeler's interest was "that of potential sole beneficiary of the estate of Dorothy L. Powers" and "as co-Trustee of the Dorothy L. Powers Revocable Trust under agreement dated June 8, 2000, amended and restated on January 5, 2001, and further amended and restated on December 13, 2001."
On May 2, 2006, Albert petitioned for probate of Dorothy's January 2005 Will. The Will was subsequently admitted to probate and Albert was appointed personal representative. The Clerk of Court failed to timely notify Mr. Wheeler as a caveator that administration had commenced.
On June 29, 2006, Mr. Wheeler filed his counter petitions to the administration of the January 2005 Will. Mr. Wheeler's counter petitions alleged: (1) the 2001 estate planning documents were Dorothy's true testamentary intent and that she either lacked the testamentary capacity to execute the December 2004 and January 2005 estate planning documents, or that those documents were procured by Brian Power's undue influence; (2) Mr. Wheeler is an interested party as he was named as alternate personal representative and co-trustee in Dorothy's prior valid Will; and (3) Dorothy's Will was improperly admitted to probate and letters of administration issued in error because timely notice was not provided to a caveator.
As a result, Mr. Wheeler sought declaratory relief to set aside the December 2004 and January 2005 estate planning documents and probate revocation for failure to provide formal notice to a caveator. In addition, he contended that Albert was not mentally or physically capable of fulfilling his duties as personal representative and co-trustee, and, therefore, Mr. Wheeler should be the primary personal representative and trustee under the 2001 Will.
On December 8, 2006, the trial court entered an Order of Dismissal for Lack of Standing on the basis that Mr. Wheeler's status as an alternate personal representative under a prior Will and a co-successor trustee under a prior trust did not bestow standing, that he was not an heir and did not represent an heir, and that his desire to see the testator's intent be carried out did not confer standing on an otherwise disinterested person. Mr. Wheeler timely appealed this order.
The question on appeal is whether an alternate personal representative under a prior Will and a co-successor trustee under a prior trust has standing to contest a Will.
Mr. Wheeler's standing as an alternate personal representative turns on whether he is an "interested person." The Probate Code defines "interested person" as follows:
(21) "Interested person" means any person who may reasonably be expected to be affected by the outcome of the particular proceeding involved. In any proceeding affecting the estate or the rights of a beneficiary in the estate, the personal representative of the estate shall be deemed to be an interested person. In any proceeding affecting the expenses of the administration and obligations of a decedent's estate, or any claims described in s. 733.702(1), the trustee of a trust described in s. 733.707(3) is an interested person in the administration of the grantor's estate. . . . The meaning, as it relates to particular persons, may vary from time to time and must be determined according to the particular purpose of, and matter involved in, any proceedings.
§ 731.201(21), Fla. Stat. (2003). The statute clearly defines "interested person" to include the personal representative of an estate. This definition has been expanded to include a nominated personal representative under a previous will. Engelberg v. *288 Birnbaum, 580 So.2d 828 (Fla. 4th DCA 1991). The statute does not require that the person be an heir or represent an heir but only that the person "may reasonably be expected to be affected by the outcome of the particular proceeding involved." § 731.201(21).
In Hayes v. Guardianship of Thompson, 952 So.2d 498, 507 (Fla.2006), the Supreme Court recognized a fluid definition of "interested person" that "may vary from time to time and must be determined according to the particular purpose of, and matter involved in, any proceedings."[2] The Court described standing as "a legal concept that requires a would-be litigant to demonstrate that he or she reasonably expects to be affected by the outcome of the proceedings, either directly or indirectly." Id. at 505; see Gieger v. Sun First Nat'l Bank of Orlando, 427 So.2d 815 (Fla. 5th DCA 1983). "Generally, one has standing when he has a sufficient interest at stake in the controversy which will be affected by the outcome of the litigation." Id. at 817.
Orders of dismissal based on a lack of standing must be reviewed de novo. Putnam County Envtl. Council, Inc. v. County Comm'rs of Putnam County, 757 So.2d 590 (Fla. 5th DCA 2000). "In determining whether to dismiss a complaint for lack of standing, we must confine our review to the four corners of the complaint, draw all inferences in favor of the pleader, and accept all well-pled allegations in the complaint as true." Payne v. City of Miami, 927 So.2d 904, 906 (Fla. 3d DCA 2005). Accepting all well-pled allegations in Mr. Wheeler's complaint as true, he would become the personal representative and trustee of Dorothy's estate under her prior Will. Thus, we find that he fits the definition of an "interested person" as he may reasonably be expected to be affected by the outcome of the instant proceeding and the non-probate of the 2001 Will. See § 731.201(21).
However, we do not suggest that every personal representative from every prior will should be granted standing. As stated in Hayes, the definition of "interested person" is fluid and "must be determined according to the particular purpose of, and matter involved in, any proceeding." 952 So.2d at 507. In this case, Dorothy was of sound mind when she prepared her 2001 Will and placed Mr. Wheeler in fiduciary positions. Nearly four years later and six weeks before she was involuntarily hospitalized with late stage Alzheimer's disease, she removed Mr. Wheeler from the Will and added her previously disinherited stepson.
Mr. Wheeler allegedly lost standing under Dorothy's 2001 Will due to undue influence. He was the alternate personal representative and co-trustee for approximately four years until Dorothy changed her Will under suspicious circumstances. Under these circumstances, we find that Mr. Wheeler is an "interested person" within the meaning of section 731.201(21). Therefore, we reverse the trial court's denial of relief on this claim.
Because we conclude that Mr. Wheeler has standing as an alternate personal representative under a prior Will, we need not reach the issue of whether Mr. Wheeler has standing as a co-successor trustee under a prior trust.
*289 Another issue raised on appeal is whether probate of the 2005 Will should be revoked because timely notice was not provided to a caveator. Florida Probate Rule 5.260(f) states that "[a]fter the filing of a caveat by an interested person other than a creditor, the court shall not admit a will of the decedent to probate or appoint a personal representative without service of formal notice on the caveator or the caveator's designated agent." Additionally, the Florida Supreme Court has long recognized that the filing of a caveat precludes the admission of a will to probate until the caveator is provided statutory notice. See Street v. Crosthwait, 136 Fla. 327, 186 So. 516 (1939); Barry v. Walker, 103 Fla. 533, 137 So. 711 (1931); Grooms v. Royce, 638 So.2d 1019 (Fla. 5th DCA 1994); In re Estate of Hartman, 836 So.2d 1038 (Fla. 2d DCA 2002); Nardi v. Nardi, 390 So.2d 438 (Fla. 3d DCA 1980). Since we find that Mr. Wheeler was an "interested person" within the meaning of section 731.201(21), we hold that the trial court erred in not revoking the probate of the 2005 Will because timely notice was not provided to a caveator as required by Florida Probate Rule 5.260(f) and Florida case law. Thus, the orders appointing the personal representative and admitting the 2005 Will to probate must be set aside to provide notice to the caveator.
As a result of our decision regarding the revocation of probate of Dorothy's 2005 Will, we must now decide whether this resets the notice period as to all beneficiaries. Albert and Brian rely on In Re Estate of Socarras v. Royal Bank of Canada, 384 So.2d 242 (Fla. 3d DCA 1980), to argue that the notice period resets only to the caveator because only the caveator should not be prejudiced by the failure to receive notice. They base their argument on the court's statement that "the failure of the clerk of the court to notify the caveator that the administration had commenced should not inure to the benefit of the estate and operate to the detriment of the creditor." Id. at 243. However, Albert and Brian's argument would act to negate part of the purpose of filing a caveat  to receive notice in order to protect an interest prior to the admission of any purported testamentary documents into probate. Conversely, we find that the notice period should reset to all beneficiaries pursuant to the reasoning of In Re Estate of Socarras. The failure of the clerk of the court to notify the caveator that the administration had commenced should not inure to the benefit of the will proponent and to the detriment of the heirs or beneficiaries who rely on the caveator to protect their interest.
We conclude that Mr. Wheeler is an "interested person" pursuant to section 731.201(21) and the relevant case law because he was the alternate personal representative for approximately four years until Dorothy changed her Will under suspicious circumstances. Thus, Mr. Wheeler had standing to file a caveat and was entitled to notice. Additionally, the notice period resets as to all beneficiaries. Therefore, the judgment of the trial court is reversed and this case remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED for further proceedings.
GRIFFIN and PLEUS, JJ., concur.
NOTES
[1] The trust was the beneficiary of Dorothy's 2001 Will and her subsequent 2005 Will.
[2] In Hayes, the Court dealt with a similar issue to the instant case but as applied to guardianship proceedings. The Court held that a person has standing to participate in a guardianship proceeding if the Florida Guardianship Law or the Florida Probate Rules entitle the person to notice of the proceeding or authorize the person to file an objection in the proceeding. 952 So.2d at 506.