CIKLIN, J.
Jon and Susan Agee appeal the trial court’s order dismissing their petition to revoke probate of the last will of Herbert G. Birck based on a lack of standing. The trial court had found that the prior will upon which the Agees based their standing was void as contrary to public policy because Mr. Agee, in violation of the Rules Regulating The Florida Bar, had drafted that earlier will in which he and his wife were left a substantial bequest. The Florida Probate Code, however, does not provide for such an automatic exclusion. Because we conclude that the Agees have standing under a prior will to petition for the revocation of the decedent’s last will, we reverse and remand for further proceedings.
The decedent, Herbert G. Birck, died on October 25, 2009. On November 17, 2009, Roger L. Brown filed a petition for administration of the decedent’s testate estate. Brown sought to have the decedent’s last will and testament, which was executed on February 11, 2009 (the “2009 will”), admitted to probate and to have himself appointed as personal representative of the estate in accord with the 2009 will. The trial court granted Brown’s petition.
In April 2010, Jon and Susan Agee filed a verified petition to revoke the probate of the 2009 will. The Agees named Brown in both his capacity as personal representative and as trustee of the decedent’s living trust as the respondent. In their petition, the Agees alleged a claim of undue influence by one or more of the beneficiaries in the procurement of the decedent’s 2009 will and the living trust referenced in that will, and a claim that the testator lacked testamentary capacity at the time those instruments were executed.
As the basis for their standing, the Agees alleged that they were the beneficiaries under a line of testamentary instruments beginning in 1998 and culminating with a will executed in 2007 (the “2007 will”). The Agees further alleged that they had been close friends with the decedent for approximately sixteen years.
Brown, as personal representative of the estate, filed a motion to dismiss the Agees’ petition. In this motion to dismiss, Brown asserted, among other grounds, that the Agees lacked standing to contest the 2009 will and trust, because the 2007 will, which the Agees claimed gave them standing as a beneficiary, was void as a result of it having been drafted by Mr. Agee who was the decedent’s attorney at the time. Brown essentially argued that because it is a violation of the Rules Regulating The Florida Bar for an attorney who is not related to a client to prepare a will on the client’s behalf that includes a bequest for the attorney, the bequest to the Agees from the 2007 will was void as contrary to public policy, and therefore, the Agees had no interest in the decedent’s estate.
In support of the motion to dismiss, Brown attached several documents including a copy of the 2007 will and an affidavit of Jon Agee, which had been recorded in *885 the official records of Broward County on February 19, 2010. In this affidavit, Mr. Agee admitted to having represented the decedent and his wife in various matters, including estate planning. Although the affidavit itself does not directly state that Mr. Agee drafted the 2007 will, the Agees do not contest that allegation in this appeal.
Following a hearing, the trial court granted the motion to dismiss with prejudice and entered a final order stating:
The Court finds that the [Agees] were not related to Herbert G. Birck and since Jon Agee was the attorney who acted as the scrivener of earlier will, trust and deed in which he and his wife, Susan Agee, were left a bequest of property, the bequest to [the Agees] as contestants was void as contrary to public policy of the State of Florida and Rules Regulating [The] Florida Bar. [The Agees] do not have standing to contest the later will, trust and deed in which [they] were left nothing.
The trial court’s final order also contained the following paragraph:
The affidavit of Jon Agee CFM# 109162607 or BK 46889, Pages 713-716 recorded 02/19/10 Broward County Commission Deputy Clerk 2015 is hereby stricken from the public records and declared null and void.
The Agees filed a timely notice of appeal and this appeal follows. The Agees argue that the trial court erred in its interpretation of the Florida Probate Code and added language to the statutes that was not placed there by the legislature. We agree.
We review orders of dismissal based on a lack of standing de novo. See FCD Dev., LLC v. S. Fla. Sports Comm., Inc., 37 So.3d 905, 909 (Fla. 4th DCA 2010); Wheeler v. Powers, 972 So.2d 285, 288 (Fla. 5th DCA 2008).
Pursuant to the Florida Probate Code, “[a]ny interested person, including a beneficiary under a prior will, unless barred under s. 733.212 or s. 733.2123, may commence [a proceeding to revoke the probate of a will] before final discharge of the personal representative.” § 733.109(1), Fla. Stat. (2009) (emphasis added). An “interested person” is defined as “any person who may reasonably be expected to be affected by the outcome of the particular proceeding involved.” § 731.201(23), Fla. Stat. (2009).
Importantly, neither of these statutes has any exceptions that would prohibit an attorney who drafts a will which includes a bequest to the drafting attorney from being an “interested person” in a petition to revoke the probate of a later will. To reach the conclusion that the Agees lacked standing, the trial court incorporated Rule 4-1.8(e) of the Rules Regulating The Florida Bar[1] into the statutory framework of the probate code. This interpretation of the probate code, however, was erroneous as “[i]t is a well-established tenet of statutory construction that courts are not at liberty to add words to the statute that were not placed there by the Legislature.” Lawnwood Med. Ctr., Inc. v. Seeger, 990 So.2d 503, 512 (Fla.2008) (citation and internal quotation marks omitted); see also Boulis v. Blackburn, 16 So.3d 186, 189 (Fla. 4th DCA 2009) (rejecting an appellant’s interpretation of section 732.15 because the appellant’s “interpretation adds an exclusion to this statute that the statute does not provide”).
*886 In support of his position that a bequest to a drafting attorney must be deemed void as contrary to public policy, Brown argues that “[p]ublic policy demands protection of the public and the instilling of confidence in the legal profession.” The best way to protect the public from unethical attorneys in the drafting of wills, however, is entirely within the province of the Florida Legislature. The current statutory framework, contrary to Brown’s implication, does contain some protections. See, e.g., § 732.5165, Fla. Stat. (2009) (“A will is void if the execution is procured by fraud, duress, mistake, or undue influence.”); § 733.107(2), Fla. Stat. (2009) (“The presumption of undue influence implements public policy against abuse of fiduciary or confidential relationships and is therefore a presumption shifting the burden of proof.... ”).
Even if we were to agree with the trial court that the bequest to the Agees in the 2007 will was void as a matter of law, we would still be compelled to reverse the trial court’s dismissal order. Jon Agee was listed as an alternate personal representative of the estate in the 2007 will. Pursuant to section 731.201(23), “[i]n any proceeding affecting the estate or the rights of a beneficiary in the estate, the personal representative of the estate shall be deemed to be an interested person.” Furthermore, an alternate personal representative under a prior will has standing to contest a subsequent will. Wheeler, 972 So.2d at 287-88. Thus, the Agees, or at least Jon Agee, would have standing to contest the 2009 will based on his appointment as an alternate personal representative in the 2007 will.
The Agees also argue that the trial court erred by declaring in its final order dismissing their petition to revoke probate that an affidavit of Jon Agee which had been recorded in the official records of Broward County was “hereby stricken from the public records and declared null and void.” The Agees contend that because Brown never filed any pleading which sought the striking of any document from the public record as a form of relief, the trial court was without authority to consider, much less grant, such relief. We agree.
 There is no motion or pleading in the appellate record showing that Brown ever requested the trial court to strike the affidavit. Furthermore, the transcripts from two separate hearings on the motion to dismiss contain no oral requests for such relief. The Agees assert that no request was ever made. Brown has not filed any response regarding this issue in his answer brief. As such, we treat Brown’s failure to address this issue in his answer brief as a concession that such relief was never sought.[2] See, e.g., Anderson v. Ewing, 768 So.2d 1161, 1166 n. 1 (Fla. 4th DCA 2000) (“[The appellee] as much as conceded this issue by failing to address it at all in his answer brief.”). Thus, because striking the affidavit from the public record was not “the subject of proper pleading and notice,” the trial court lacked jurisdiction to grant such relief. See Pro-Art Dental Lab, Inc. v. V-Strategic Grp., LLC, 986 So.2d 1244, 1252 (Fla.2008) (“Florida law clearly holds that a trial court lacks jurisdiction to hear and to *887 determine matters which are not the subject of proper pleading and notice, and to allow a court to rule on a matter without proper pleadings and notice is violative of a party’s due process rights.” (emphasis removed) (citation and internal quotation marks omitted)).
Even if there had been proper pleading and notice, it is not clear that the trial court would have the power to strike a document which is not part of the pending litigation from the public records. The affidavit which the trial court ordered to be stricken from the public records and declared null and void was one that Mr. Agee attested to and recorded in the county records before the Agees even filed their petition to revoke probate. Thus, this is not a matter of striking a document from the court record in the instant case.
To the extent that the trial court agreed to order that the affidavit be stricken from the public record because it believed that the deed drafted by Mr. Agee which transferred the remainder interest in an enhanced life estate to him and his wife was void as against public policy, we note that, just as with devises, the fact that Mr. Agee drafted the deed does not make the deed void per se, but rather raises a rebuttable presumption of undue influence. See Fogel v. Swarm, 523 So.2d 1227, 1229 (Fla. 3d DCA 1988).
We conclude that the Agees, as named beneficiaries under the 2007 will, have standing to petition to revoke probate of the 2009 will. The fact that the bequest to the Agees might ultimately be found to have been procured by undue influence and therefore void does not change the Agees’ status as interested persons with standing to challenge the 2009 will. We further conclude that the trial court lacked subject matter jurisdiction to order that the affidavit of Jon Agee be stricken from the public records and declared null and void because such relief was not the subject of a proper pleading and notice. Therefore, the judgment of the trial court is reversed and this case remanded for further proceedings consistent with this opinion.

Reversed and remanded for further proceedings.

MAY, C.J., and STEVENSON, J., concur.

. "A lawyer shall not ... prepare on behalf of a client an instrument giving the lawyer or a person related to the lawyer any substantial gift unless the lawyer or other recipient of the gift is related to the client.” R. Regulating Fla. Bar 4-1.8(c).

. When asked about this order during oral argument, Brown's counsel argued that Brown's request for relief in his motion to dismiss included a request that the trial court, in addition to granting the motion to dismiss, also grant “other appropriate relief.” We find this argument to be unavailing. A general request for "other appropriate relief” does not make the trial court’s order striking a document from the public record, "the subject of proper pleading and notice.”