PER CURIAM.
Elaine D. Platt timely appeals an order admitting the will of Martin S. Day to probate and appointing Sharon Day Os-teen as personal representative. After Os-teen filed a petition for administration of Day’s will, Platt filed a caveat, followed by an answer and objection to administration of the will. Under Florida law, will contests and the rights of caveators must be determined prior to admitting a will to probate, appointing a personal representative or issuing letters of administration. See, e.g., Rocca v. Boyansky, 80 So.3d 377 (Fla. 3d DCA 2012); In re Estate of Hartman, 836 So.2d 1038 (Fla. 2d DCA 2002); Grooms v. Royce, 638 So.2d 1019 (Fla. 5th DCA 1994); see also 18 Fla. Jur.2d Decedents’ Property § 494 (“After the filing of a caveat by an interested person other than a creditor, the court may not admit a will of the decedent to probate or appoint a personal representative without service of formal notice on the caveator or the cave-ator’s designated agent. [Fla. Prob. R. 5.260(f).] Thus, if a caveat is filed, a formal notice of the submission of a will for probate must be given, and the court must thereafter adjudicate any challenge to the will before admitting the will to probate.”). Here, without notice to Platt, the trial court simply entered an order admitting the decedent’s will to probate, erroneously finding that “no objection [had] been made to its probate[.]” Accordingly, we reverse and remand with directions that the trial court determine whether Platt has standing to contest the will;[1] and, if she does, to adjudicate Platt’s challenge to the will before taking any action on the petition for administration.
REVERSED AND REMANDED WITH DIRECTIONS.
GRIFFIN, PALMER and LAWSON, JJ., concur.

. Platt is a beneficiary under the will and is listed in the will, along with Osteen, as a daughter of the decedent. It is undisputed that Platt was not the decedent's biological daughter and was never legally adopted by him. However, it also appears undisputed that the decedent raised Platt as his daughter from the age of three. As Platt alleges sufficient facts to establish all elements of virtual adoption, see Matter of Heirs of Hodge, 470 So.2d 740, 741 (Fla. 5th DCA 1985), she is entitled to an evidentiary hearing as to this issue.