GERBER, J.
A nursing home appeals from the circuit court’s order dismissing its petition to compel an accounting of the decedent’s Broward County ancillary estate and to transfer the ancillary estate’s assets to the decedent’s New York domiciliary estate. The nursing home argues that the court erred in dismissing the petition based on the court’s findings that: (1) the nursing home’s claim against the decedent’s estate *110 was untimely pursuant to section 733.710(1), Florida Statutes (2011); and (2) the nursing home was not an “interested person” pursuant to section 731.201(23), Florida Statutes (2011). We agree with the nursing home that the court’s second finding and part of the court’s first finding were in error. We reverse and remand for reinstatement of the nursing home’s petition.
In 2007, the decedent died while domiciled in New York. At the time of the decedent’s death, the nursing home was owed payment for its care of the decedent in New York.
In 2009, the nursing home filed a civil complaint against the decedent’s personal representative in New York to recover the owed payment. This complaint was filed before any estate was opened.
In 2010, the decedent’s personal representative opened the New York domiciliary estate.
In 2011, the nursing home filed a claim against the New York domiciliary estate. Later that year, the decedent’s personal representative opened the Broward County ancillary estate to administer the disposition of the decedent’s Broward County home. The nursing home filed a claim against the Broward County ancillary estate.
The nursing home then filed a petition in Broward County to compel an accounting of the ancillary estate and to transfer the ancillary estate’s assets to the New York domiciliary estate. See Fla. Prob. R. 5.150(b) (2011) (“On the petition of an interested person ... the court may require the personal representative ... to file an accounting or return not otherwise required by statute or rule.”); § 734.102(6), Fla. Stat. (2011) (“After the payment of all expenses of administration and claims against the estate, the court may order the remaining property held by the ancillary personal representative transferred to the foreign personal representative or distributed to the beneficiaries.”). In the petition, the nursing home alleged that because it had filed claims against both the New York domiciliary estate and the Bro-ward County ancillary estate, it was an “interested person” as defined in section 731.201(23), Florida Statutes (2011) (“ ‘Interested person’ means any person who may reasonably be expected to be affected by the outcome of the particular proceeding involved.”). The nursing home also alleged that if the personal representative transferred the ancillary estate’s assets directly to the domiciliary estate’s beneficiaries instead of to the New York domiciliary estate, then the nursing home likely would not recover on its claim against the domiciliary estate.
The personal representative filed a motion to dismiss the nursing home’s petition. The personal representative argued that because the nursing home filed its claims against both the New York domiciliary estate and the Broward County ancillary estate more than two years after the decedent’s death, the claims were untimely under Section 733.710(1), Florida Statutes (2011). Section 733.710(1) states:
Notwithstanding any other provision of the code, 2 years after the death of a person, neither the decedent’s estate, the personal representative, if any, nor the beneficiaries shall be liable for any claim or cause of action against the decedent, whether or not letters of administration have been issued, except as provided in this section.
§ 733.710(1), Fla. Stat. (2011).
The nursing home’s response to the motion argued that section 733.710(1) did not apply because its petition was not requesting the court to adjudicate the nursing home’s claim against the ancillary estate. *111 Rather, according to the nursing home, its petition requested the court only to compel an accounting of the Broward County ancillary estate and to transfer the ancillary estate’s assets to the New York domiciliary estate so that the New York court overseeing the domiciliary estate could administer the distribution of those assets.
After a hearing, the circuit court granted the personal representative’s motion to dismiss the nursing home’s petition. The court reasoned:
[The nursing home’s] claim is untimely pursuant to Florida Statute 738.710, and further, Florida Statute 734.102(7) states “No property shall be sold, leased, or mortgaged to pay a debt or claim that is barred by any statute of limitation or of nonelaim of this state.” As such, [the nursing home] is not an interested person pursuant to 731.201(23).
This appeal followed. The nursing home argues that the circuit court erred in dismissing the petition based on the court’s findings that: (1) the nursing home’s claim was untimely pursuant to section 733.710(1); and (2) the nursing home was not an “interested person” pursuant to section 731.201(23).
We review the circuit court’s first finding for an abuse of discretion. Cf. In re Estate of Ortolano, 766 So.2d 330, 332 (Fla. 4th DCA 2000) (“The standard of review of an order striking a claim against an estate for being untimely filed is whether the trial court abused its discretion.”). We review the court’s second finding de novo. See Agee v. Brown, 73 So.3d 882, 885 (Fla. 4th DCA 2011) (an appellate court reviews an order of dismissal in a probate matter based on a lack of standing de novo).
We affirm the circuit court’s first finding to the extent the court found that the nursing home’s claim against the Broward County ancillary estate was untimely. See § 734.102(5), Fla. Stat. (2011) (imposing notice and publication requirements on ancillary personal representative “[u]nless creditors’ claims are otherwise barred by s. 733.710”).
However, to the extent the circuit court found that the nursing home’s pending claim against the New York domiciliary estate was untimely, we reverse. We are aware of no authority providing a Florida court with jurisdiction to determine that a creditor’s pending claim against a foreign domiciliary estate is untimely.
Because the nursing home’s claim against the New York domiciliary estate remains pending, we reverse the court’s second finding that the nursing home is not an interested person. The distribution of the ancillary estate’s assets may adversely affect the domiciliary estate’s ability to satisfy the nursing home’s New York claim. See § 734.102(6), Fla. Stat. (2011) (“After the payment of all expenses of administration and claims against the estate, the court may order the remaining property held by the ancillary personal representative transferred to the foreign personal representative or distributed to the beneficiaries.”). Thus, regardless of the untimeliness of the nursing home’s claim against the ancillary estate, the nursing home remained an “interested person” in relation to both the ancillary estate and the domiciliary estate, and had standing to file its petition to compel an accounting of the ancillary estate and to transfer the ancillary estate’s assets to the domiciliary estate. See Smith v. DeParry, 86 So.3d 1228, 1235 (Fla. 2d DCA 2012) (“Under the probate code, the term ‘interested person’ refers to a person’s or entity’s standing, i.e., the right to notice and an opportunity to be heard in a particular proceeding pending in a probate or guardianship matter.”); Fla. Prob. R. 5.150(b) (2011) (“On the petition of an interested person ... the *112 court may require the personal representative ... to file an accounting or return not otherwise required by statute or rule.”).
Based on the foregoing, we reverse the circuit court’s order granting the personal representative’s motion to dismiss the nursing home’s petition to compel an accounting of the ancillary estate and to transfer the ancillary estate’s assets to the domiciliary estate. We remand for reinstatement of the petition and for proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

MAY and LEVINE, JJ., concur.