# Third District Court of Appeal

## State of Florida

Opinion filed April 30, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1558
Lower Tribunal No. 21-3327-CP-02
_____

**Jesus O. Valentino, Esq.,**
Appellant,

vs.

**In Re: Estate of Pedro E. Andollo, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Valentino Law, PLLC, and Jesus O. Valentino, for appellant.

No appearance for appellees.

Before SCALES, LOBREE and GOODEN, JJ.

GOODEN, J.

In this probate case, Appellant Jesus O. Valentino, Esq. appeals an order finding that he lacks standing. Valentino represented Pedro F. Andollo,

the Personal Representative of the Estate of Pedro E. Andollo. After approximately eight months, Andollo retained another attorney. Valentino filed a charging lien for his services. A dispute arose over the amount.

Ultimately, the trial court dismissed the case without prejudice when Andollo failed to comply with an order of the court by not timely filing a petition for distribution. Valentino moved to reopen the case so he could pursue his charging lien. He maintained that he was an interested person due to his claim for attorney's fees. The trial court denied the motion, finding that Valentino lacked standing.

"Standing is a legal concept that requires a would-be litigant to demonstrate that he or she reasonably expects to be affected by the outcome of the proceedings . . . ." Hayes v. Guardianship of Thompson, 952 So. 2d 498, 505 (Fla. 2006). It necessitates a sufficient stake in the controversy to obtain judicial resolution. Id. "Thus, standing to bring or participate in a particular legal proceeding often depends on the nature of the interest asserted." Id.

In probate proceedings, "interested persons" have standing. See Christie v. Qualls, 392 So. 3d 801, 802 (Fla. 1st DCA 2024); Wheeler v. Powers, 972 So. 2d 285, 287–88 (Fla. 5th DCA 2008); Wehrheim v. Golden Pond Assisted Living Facility, 905 So. 2d 1002, 1006 (Fla. 5th DCA 2005).

2

An "interested person" is "any person who may reasonably be expected to be affected by the outcome of the particular proceeding involved." § 731.201(23), Fla. Stat. (2022). Certain attorneys fall into this category. Indeed, "attorneys for personal representatives are entitled to reasonable compensation payable from the estate assets without court order." § 733.6171(1), Fla. Stat. (2022). Accord § 733.106(3), Fla. Stat. (2022) ("Any attorney who has rendered services to an estate may be awarded reasonable compensation from the estate."); § 736.1005(1), Fla. Stat. (2022) ("Any attorney who has rendered services to a trust may be awarded reasonable compensation from the trust.").

As a result of his representation, Valentino qualifies as an "interested person." Valentino rendered services to the personal representative and any attorney's fees would be payable from the estate. Thus, Valentino has standing in this action. Accord Hayes, 952 So. 2d at 509 (holding attorney making a request for attorney's fees has standing in guardianship action). We reverse and remand for further proceedings.[1]

---

[1] We reject Valentino's arguments rooted in federal law on standing. See Planned Parenthood of Sw. & Cent. Fla. v. State, 384 So. 3d 67, 89–90 (Fla. 2024) (Sasso, J., concurring) ("At the state level, it is different. As it relates to standing, the Florida Constitution is textually distinct from the Federal Constitution because it does not contain an explicit cases and controversies clause. It should go without saying, then, that federal law does not control standing requirements in state courts.").

Reversed and remanded.