WALDEN, Judge.
This appeal deals with the administration of an estate in the county judge’s court.
It was there ordered that letters of administration be issued to a bank. This order was appealed. At issue is the decedent’s place of domicile at the time of his death and, assuming it was the State of Florida, the preference as concerns the appointment of the administrator.
The sole heir at law and next of kin is the minor son of the decedent, about five years of age. Successfully petitioning for the issuance of the letters and arrayed on one side of this appeal is the mother and natural guardian of the minor heir, the divorced wife of the decedent. Arrayed on the other side as appellants are the brothers and sisters of the decedent who are neither heirs nor next of kin of the decedent, and who have no legal claim or interest in the estate.
Appellants sought to block the issuance of letters and thereby the administration of the estate in Florida saying that the decedent changed his domicile from Florida to Connecticut a few days prior to his death.
In 1963 the decedent, a resident of the State of Florida, was declared incompetent by the County Judge’s Court of Palm Beach County and a guardian was appointed. The decedent was a patient in the South Florida State Hospital until March IS, 1964. On that date appellants removed him to a psychiatric hospital in the State of Connecticut where he died on March 28, 1964. As a basis for the order appealed, the county judge determined as a matter of law that decedent was a resident of Florida at the time of his death, resting his decision on the provisions of F.S.A. § 744.10, which provides:
“Change of domicile of ward. The domicile of a resident ward is the county in which the guardian of the person was lawfully appointed. The county judge may, upon good cause shown by petition of the guardian of the person and proof of the allegations therein contained, authorize a change of the domicile of the ward.”
.No petition having been presented in accordance with this statute and the decedent being at all times material not restored to' competency, we agree with the county judge’s analysis that the domicile was vested in Florida and the matter within his continued jurisdiction.
The county judge functioning in the county judge’s court has equal responsibility and jurisdiction over guardianships and the administration of estates. Florida Constitution, Art. V, Sec. 7, F.S.A. It would be an anomaly to suggest that somehow the clear mandate and effect of the mentioned statute could be ignored by the very court charged with its administration. We apprehend that the statutory intendment was to provide for an orderly administration of the guardianship estate by giving stability to the question of domicile and thereby preventing promiscuous or unsupervised change of domicile which could react unfavorably upon the affairs of the incompetent and those properly charged with his welfare. If an incompetent were permitted to travel or be transported from county to county or state to state changing his domicile as he went, with the guardianship court powerless to act, there would result an unhealthy and possibly wasteful situation as the question of jurisdiction could be endlessly involved with multiple guardianship proceedings in progress. In balance, we do not feel it to be an unreasonable or oppressive burden to impose as a statutory condition precedent to a change in domicile of an adjudicated incompetent, at least as concerns transactions with and within the court in question, that the guardian first show good cause and obtain leave of the county judge.
Appellants urge as authority for their position the case of Matthews v. Matthews, Fla.App.1962, 141 So.2d 799, 96 A.L.R.2d *17 1231. Decided there was the issue as to whether or not an adjudicated incompetent could come into this state and become a resident and domiciled so as to qualify under F.S.A. § 65.02 and thereby give a Florida court jurisdiction to entertain his divorce case. He filed suit for divorce four days after being legally restored to competency. His incompetency had been adjudged in the courts of Virginia about five years before. Four years prior to his divorce filing the incompetent had simply moved to Florida and for all practical purposes lived thereafter a normal life as a Florida resident. Did he have the legal and mental capacity to change his residence and domicile at a time when he had not been judicially restored to competency? The court in the Matthews case held that a legal adjudication of incompetency did not ipso facto prevent an incompetent from changing his domicile. It decided that an incompetent might or might not have sufficient mental capacity to make a decision as to such a change and that the question would necessarily turn upon the evidence in the particular case. Therefore, a review was had of the pertinent circumstances with the court concluding that Matthews, the incompetent, had sufficient mental capacity to change his domicile and residence from Virginia to Florida.
While we respect the holding in the Matthews case, supra, we deem it not applicable to the instant case basically because it does not appear that the court there was faced with a regulatory and limiting statute such as F.S.A. § 744.10, supra. Here the statute is paramount and controlling and cannot be nullified by appellants’ rejected proffer of evidence tending to show that the decedent had the capacity to and exercised a will to change his domicile from Florida to Connecticut. This distinction is recognized in a series of cases collated in the annotation of the Matthews case, supra, found at 96 A.L.R.2d 1236, 1282, § 14.
Having decided that decedent was a Florida resident at death, we dispose of the final point by affirming the action of the county judge in deciding that the minor, as sole heir at law and next of kin, acting through his mother and natural guardian, was entitled to preference under F.S.A. § 732.44 in selecting an administrator.
Affirmed.
ANDREWS, Acting C. J., and RAWLS, JOHN S., Associate Judge, concur.