PER CURIAM.
By these consolidated appeals we are called upon to determine whether a trial court correctly awarded custody of a child born out of wedlock to his natural father and whether the trial court erred in appointing the natural father as the guardian of the minor child’s property. Facts giving rise to this case are best set out in the order of the trial court appointing the natural father as the guardian of the property of said child. The order reads in part as follows:
FINDINGS OF FACTS
“DANNY EUGENE KNIGHT is the natural father of a four (4) year old minor child named DANNY EUGENE KNIGHT, II. The Child’s mother, Yvonne Johnson, was killed when a Greyhound bus in which she was riding plunged off the Sunshine Skyway Bridge into Tampa Bay, Florida. The grandfather, WILLIE HAROLD JOHNSON, is the father of Yvonne Johnson and the grandfather of the minor child. Pursuant to the grandfather’s Petition, he was appointed as the guardian of the person of the Estate of Yvonne Johnson.
Prior to the grandfather’s filing of the Petition for Appointment of the Guardian, DANNY EUGENE KNIGHT, the father herein, told WILLIE HAROLD JOHNSON and his counsel that he had no intention of giving up his child and intended to do everything possible to protect his child’s interests. Not only knowing of the existence of the child’s natural father, but also knowing of his express intent to care for the child and the affairs of the child the grandfather and his attorney nonetheless filed a Petition for Appointment as Guardian which Petition (concealed)[1] the existence of the natural father and did not give notice to him of the proceedings for the appointment of a guardian of the person and property of his minor son. In re: The Guardianship of Danny Eugene Knight, II, Case No. 80-4651 and In re: Estate of Yvonne Johnson, Case No. 80-4296.
The lower court, unaware of the existence of the father, who by law is the natural guardian of his son, (F.S. § 744.-301) entered an Order, Ex-parte, appointing WILLIE HAROLD JOHNSON Guardian of the Property and Person of DANNY EUGENE KNIGHT, II and Personal Representative of the Estate of Yvonne Johnson. Upon learning of the fact that the grandfather had been appointed guardian of his son, DANNY EUGENE KNIGHT filed a Petition to remove WILLIE HAROLD JOHNSON as Guardian of his minor son and Personal Representative of his minor son’s deceased mother.
The Court finds that DANNY EUGENE KNIGHT is the natural father of the minor child DANNY EUGENE KNIGHT, II. The mother named the child after the father and is it recognized in the community that he is the father of the child. The deceased’s parents acknowledged that he is the father and his parenthood has never been disputed.
The Court finds and the evidence clearly shows that DANNY EUGENE KNIGHT, the father, has not abandoned the child at any time from birth to the present. On the contrary, the father has consistently held himself out to the general public as the father. He went with the deceased to the obstetrician when she first became pregnant; he went with her to the hospital when she delivered the baby; he brought Yvonne Johnson and their son home from the hospital. In his capacity as rental clerk and assistant manager of the Pine Crest Estates, the father DANNY EUGENE KNIGHT arranged for the deceased and her family (consisting of her mother, father and three (3) brothers) to obtain a three (3) bedroom unit in this project so he could be in close proximity. The father has *168 paid for the son’s medical bills, clothing and other necessities, and while the mother was alive, he gave her money for food and clothing for the child. The father attended school functions with his son and has taken him and the deceased mother to visit his family out of the State and on other vacations.
The Court finds that DANNY EUGENE KNIGHT is a reputable, hardworking sensitive person who loves his child and desires to raise the child now that the mother died. The Court finds that there was evidence of love and affection between the decedent mother, the father of the child, and the child.
As the facts in the instant case clearly demonstrate, there was no evidence of the father’s unfitness to serve as guardian since the appointment of the guardian was done ex-parte and without notice to the father. The failure to disclose in the Petition for Appointment as Guardian the existence of the father and to provide the father with notice of the proceeding was in clear violation of the law. F.S. § 744.-337 provides as follows:
“(2) When the petition alleges that the incapacity is minority and the petitioner is not the parent and the parents of the minor are living, reasonable notice of the hearing shall be given to them. When a parent applies for appointment as guardian of his minor child, no notice is necessary unless the other parent is living and refuses to consent to the appointment.”
F.S. § 744.334 provides:
“Petition for appointment of guardian; contents, — Every petition for the appointment of a guardian shall be verified by the petitioner and shall contain statements, to the best of petitioner’s knowledge and belief, showing the name, age, residence, and post-office address of the alleged incompetent; the nature of his incapacity; the type of guardianship desired; the approximate value and description of his property; the residence and post-office address of the petitioner; the names and addresses of the next of kin of the incompetent, if known to the petitioner.”
The Court finds that the failure to comply with these statutory requirements is grounds for removing the guardian under F.S. § 744.474(1).
It is uncontroverted that the grandfather and his attorneys knew of the existence of the child’s father and the father’s desire to do everything necessary to protect his child’s interests.
In the instant case, DANNY EUGENE KNIGHT, as father and natural guardian of the minor child, is entitled to the court-appointed office of guardian of the property of the minor child. Absent an affirmative showing that the father is not a fit and proper person to hold the office, he is entitled to be appointed guardian of the property of his son.
The Court finds that the child’s grandfather, WILLIE HAROLD JOHNSON, is a good person as well as his wife; but nonetheless, under the law they stand secondarily for appointment as administrator and guardian in this case, and as long as the father is fully fit, he must be appointed, and it would be improper for the Court not to do so.
The Court is also aware that there is now pending in the Family Division of the Circuit Court, Case No. 80-8925, a Petition for Custody of the minor child filed by the father. In an effort to avoid the traumatic emotional impact upon the four year old minor child by changing the guardianship of the person as it now stands from the grandfather to the father, the Court will allow the child to stay with grandparents until a determination is made as to who should have permanent custody of the child in the above cited case.
Also, the father is entitled to be appointed as the administrator of the Estate of Yvonne Johnson under the statutory law of this State. F.S. § 733.301(2) provides that preference in granting letters of administration in intestate estates is for the heir nearest in degree to the deceased. The heir nearest in degree to *169 the deceased, Yvonne Johnson, is her son, DANNY EUGENE KNIGHT, II, See F.S. § 733.201(18) [731.201(18)] and § 732.103. When the heir nearest in degree is incompetent due to minority as is DANNY EUGENE KNIGHT, II, then the guardian has statutory preference to administer the estate. F.S. § 733.301(3) and see also In re: Estate of Phillips, 190 So.2d 15 (Fla. 4th DCA, 1966). In the instant case, the father, DANNY EUGENE KNIGHT, as the natural guardian of the minor child who is the sole heir at law of his mother’s estate is also entitled to the court appointed office of administrator of the Estate of Yvonne Johnson.”
Following the entry of this order the custody proceeding was held and custody was awarded to the natural father, these appeals ensued. The primary thrust of appellant’s argument is that it was necessary for the natural father to bring a judicial proceeding to establish his paternity pursuant to the recent Supreme Court case of Kendrick v. Everheart, 390 So.2d 53 (Fla.1980) and that until such time as a judicial determination was made that the appellee was the natural father of the minor, the trial court could not consider the question of guardianship. We disagree.
All parties conceded and the trial court found that the appellee had always held himself out to be and was recognized by all concerned as being the natural father of the minor. When the question of parent-ship is not in conflict, there is no need for the natural father to resort to judicial proceedings. We further find that the evidence before the several trial judges[2] amply supports the finding that the natural father is a fit and proper person to have the custody of the child and therefore the award of custody based on this finding will not be disturbed. Behn v. Timmons, 345 So.2d 388 (Fla. 1st DCA 1977); Besade v. Besade, 312 So.2d 484 (Fla. 3d DCA 1975); In Re Vermevlen’s Petition, 114 So.2d 192 (Fla. 1st DCA 1959).
Therefore, for the reasons above stated, the orders under review be and the same are hereby affirmed.

. The Court on rehearing amended these findings by striking “concealed” and substituting “failed to mention or disclose”.

. Proceeding for custody was heard by a different trial judge than that which determined the guardianship question, but, the parties stipulated that the judge determining custody could consider the evidence taken in the guardianship proceeding.