SMITH, Judge.
Appellants appeal final orders entered by the circuit court granting appellee’s motion to strike appellants’ defenses to a petition for administration filed on behalf of appel-lee, admitting the challenged will to probate, and issuing letters of administration. The issue is whether appellants’ written defenses were timely filed, after formal notice under the Florida Probate Code, where the defenses were filed more than twenty days from service of the notice, but before the order admitting the challenged will to probate and issuance of letters. We find the defenses were timely filed,, and therefore reverse.
*794 The decedent, Jackson B. Tanner, died May 20, 1984. Archie Tanner, one of the decedent’s children, filed a petition for administration of a will, purportedly the last will and testament of decedent, dated February 10, 1984. Subsequently, pursuant to Sections 731.301(1), 733.212, and 733.2123, Florida Statutes (1983), formal notice of the petition for administration was sent by certified mail, return receipt requested, to each of the named beneficiaries identified in the will. According to the return receipts signed by the various beneficiaries, formal notice was received by each beneficiary between June 14 and June 16, 1984.
Appellants Lonnie Jackson Tanner, Sarah Pearl Edwards, and Horace Eugene Tanner, all beneficiaries of the February 10, 1984 will, filed a joint answer to the petition for administration on July 11, 1984, asserting as defenses that venue was improper in Bradford County since, according to these appellants, the decedent was domiciled in Columbia County, and that decedent and his wife had executed a joint will prohibiting the execution of separate wills by either spouse. Appellant Lorraine Edwards filed a notice of adoption of the other appellants’ answer on July 19, 1984.
Appellee then filed a motion to strike the appellants’ responses, contending that the answers were untimely filed pursuant to Section 731.301(l)(b) (1983), which provides:
(b) If there is no answer served on the petitioner within 20 days from the service of the petition, the petition shall be considered ex parte. If an answer is served, a hearing shall be set and reasonable notice given.
A hearing on appellee’s motion was continued until October 29, 1984. At that time, the trial judge granted appellee’s motion to strike. Thereafter, the trial judge entered orders admitting the February 10, 1984 will to probate and granting letters of administration to Archie Tanner, the person named as personal representative in that will.
We reverse the orders appealed from on the authority of Nardi v. Nardi, 390 So.2d 438 (Fla. 3d DCA 1980). In that case the court interpreted the requirement of Section 731.301(1) and Rule 5.040(a)(1), Florida Rules of Probate and Guardianship Procedure (as amended 1980, 387 So.2d 949 (Fla. 1980)) — that the opponent of a will file defenses to the petition for admission of the will to probate within twenty days of service of the petition — -as being merely a procedural rule, and “in no sense” a statute of limitations or a mandatory non-claim provision. 390 So.2d 440, n. 2. Since the answers were filed before the hearing on the petition for administration and before entry of any order admitting the will and granting letters, they were timely filed and should not have been stricken. Accordingly, we reverse the orders granting appel-lee’s motion to strike appellants’ answers, admitting the February 10, 1984 will to probate, and granting letters of administration to the person named in the will, and remand this cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED with directions.
MILLS and THOMPSON, JJ., concur.