NIMMONS, Judge.
This is an appeal from a final order granting appellee’s Petition for Revocation of Probate, Revocation of Letters of Administration, Removal of Personal Representative, and Appointment of Successor Personal Representative. We reverse.
The decedent, appellant’s son, died in an automobile accident on December 2, 1985. The decedent’s estate consisted of personal property in the approximate amount of $400 and a wrongful death claim alleged to exceed a value of $5,000.00. On December 5, 1985, appellant petitioned for the intestate administration of her deceased son’s estate. No formal notice was given to the appellee, the 17 year old mother of the decedent’s illegitimate son.[1] Appellant was appointed personal representative of her son’s estate on December 5, 1985, and letters of administration were issued to her on that date.
Two months later when appellee reached her eighteenth birthday, she filed her petition seeking removal of appellant as personal representative and her own appointment as successor personal representative. Appellee alleged in her petition that the letters of administration granted to appellant should be revoked on the ground that appellee was entitled to preference in the granting of letters and appointment as personal representative pursuant to Section 733.301, Florida Statutes (1985). Appellee’s petition was granted on April 15, 1986 and this appeal ensued.
The relevant portions of Section 733.301, Florida Statutes (1985), provide as follows:
733.301 Preference in appointment of personal representative. In the granting of letters, the following preferences shall be observed:
* * * * * *
(2) In intestate estates:
* * * * * *
(c) The heir nearest in degree. If more than one applies, the court may exercise its discretion in selecting the one best qualified for the office.
(3) A guardian of the property of a ward who if competent would be entitled to appointment as, or to select, a person *964 al representative may exercise the right to select the personal representative.
* * * * * *
(5) After letters have been granted in either a testate or an intestate estate, if a person who was entitled to, and has not waived, preference over the person appointed at the time of his appointment and on whom formal notice was not served seeks the appointment, the letters granted may be revoked and the person entitled to preference may have letters granted to him after formal notice and hearing.
Under subsection (5) of the above statute, the person seeking appointment after letters have already been granted must have been entitled to preference over the person appointed “at the time of his appointment.” [2] The appellee in this case does not satisfy that requirement. Appellee was not entitled to preference over the appellant, the mother of the decedent, at the time of the initial appointment.
Appellee claims that she was entitled to appointment because she is the natural guardian of the decedent’s minor son who, as the decedent’s heir nearest in degree, was entitled to preference under Section 733.301(2)(c), supra. In support of her claim, appellee relies on In re Estate of Phillips, 190 So.2d 15 (Fla. 4th DCA 1966), in which the court held that a minor, as sole heir at law and next of kin, acting through his mother and natural guardian, is entitled to preference under Section 732.-44 (a predecessor statute to Section 733.-301) in selecting an administrator. However, unlike the situation in Phillips, the subject decedent’s minor son could not have acted through his mother, the appel-lee, at the time of the original appointment of a personal representative. Appellee was herself under the age of eighteen at the time of the initial appointment and therefore did not have the capacity to either serve as or select a personal representative for her minor son. Unlike appellee, the mother of the minor heir in Phillips was not herself a minor.[3]
Furthermore, subsection 3 of 733.301, supra, refers specifically to a “guardian of the property of a ward.” This subsection was added by amendment subsequent to the Phillips decision.[4] A “guardian of the property” is not the same as a “natural guardian.” Except to the extent provided in Section 744.301, Florida Statutes, a natural guardian is entitled to the charge only of the person, not of the estate of the ward. McKinnon v. First National Bank of Pensacola, 77 Fla. 777, 82 So. 748 (1919); see also Valentine v. Kelner, 452 So.2d 965 (Fla. 3rd DCA 1984) (natural guardian of a minor may not use a ward’s property without obtaining court approval). Thus, appellee, having never been appointed as “guardian of the property,” may not rely upon Section 733.301(3).
Appellee’s reliance upon Johnson v. Knight, 424 So.2d 166 (Fla. 3rd DCA 1983) is misplaced. In Johnson, the trial court had specifically appointed the natural guardian of the child to the office of guardian of the property of the minor child.
Accordingly, the appealed order is REVERSED and this cause is REMANDED for further proceedings consistent with this opinion.
WENTWORTH and WIGGINTON, JJ., concur.

. There apparently is no question but that the decedent was the father of appellee’s son.

. The phrase "at the time of his appointment" was added by amendment by Chapter 77-87, section 21, Laws of Florida.

. We think it is fairly inferable from the Phillips opinion that the mother was not a minor. For example, her child was five years old when the decedent died. Also, the fact that the Court mentioned nothing of the mother’s age would itself add support to the assumption that she was of age.

.See Chapter 75-220, section 62, Laws of Florida.