NORTHCUTT, Judge.
Pamela Lynn Williford died in 2008, leaving two minor children as the sole heirs of her intestate estate. Douglas Stalley was tendered by the children as a suitable personal representative, but the circuit court appointed Williford’s father, Harrison Williford, instead. This appointment was contrary to the statute prescribing the order of preference for appointment of a personal representative in this case. Accordingly, we reverse.
The statute, section 733.301, Florida Statutes (2008), sets forth the following order of preference in appointment of a personal representative of an intestate estate:
1. The surviving spouse.
2. The person selected by a majority in interest of the heirs.
3.The heir nearest in degree.
§ 733.301(l)(b).
There was no surviving spouse in this case. Douglas Stalley was the person selected by both heirs, acting through the guardians of their property as authorized under section 733.301(2). Thus, Stalléy should have been appointed unless otherwise disqualified. Cf. §§ 733.302, 303 (providing qualifications for personal representative); In re Estate of Snyder, 333 So.2d 519, 521 (Fla. 2d DCA 1976) (holding, under earlier version of statute, that court did not abuse its discretion in declining to appoint person with statutory preference where he lacked “the qualities and characteristics necessary to properly perform the duties”).
There was a complete absence of evidence to suggest that Stalley was unfit to serve. Thus, the court abused its discretion by appointing the decedent’s father rather than the representative chosen by-the heirs.
Reversed and remanded.
ALTENBERND and KHOUZAM, JJ„ Concur.