ALTENBERND, Judge.
Renee Long appeals an order denying her counterpetition for administration and her petition to stay issuance of letters of administration, as well as her request to remove Robin Willis as personal representative of the Estate of Thomas Scott Long. This case is procedurally unusual. The primary issue concerns the method by which minor children are allowed to participate in the selection of a personal representative pursuant to section 733.801(1)(b)(2), Florida Statutes (2009). Although the probate court correctly ruled that the children could participate only through the actions of a guardian of then-property, it did not give the children an opportunity to seek the appointment of such a guardian to exercise their vote for the personal representative. Accordingly, we conclude that the probate court effectively disenfranchised the children and erred in concluding that it was without authority to consider this issue when Ms. Long filed objections on behalf of her children prior to the issuance of the letters of administration.
I. Proceedings in the Probate Court
Thomas Scott Long died intestate in October 2009 when the crop-dusting airplane he was piloting crashed in Pasco County, Florida. He was forty-four years old and unmarried at the time of his death. He had been married on two occasions. He has two adult children in Texas from his first marriage. His second wife was Renee Long; they have three minor children together. Because Mr. Long was unmarried at the time of his death, his five children from his two marriages are his only legal heirs for purposes of intestacy. See § 732.103, Fla. Stat. (2009).
Robin Willis, Mr. Long’s sister, filed a petition for administration in December 2009. The petition lists the five children as the beneficiaries of Mr. Long’s estate and alleges that Ms. Willis lives in Pasco County and is otherwise qualified to serve as personal representative. Our record contains no inventory, and it appears likely that the primary asset of this estate may be a wrongful death action.
Along with the petition for administration, Ms. Willis sought the issuance of letters by filing her oath of personal representative and a petition to determine beneficiaries. Because Ms. Willis is not entitled to preference in appointment, she was required to serve formal notice “on all known persons qualified to act as personal representative and entitled to preference equal to or greater than the applicant.” Fla. Prob. R. 5.201(b); see also § 733.301. It is undisputed that Ms. Willis served Ms. Long, as the mother and natural guardian of Mr. Long’s three minor children, with formal notice on December 14, 2009, and that the formal notice informed her that the children had twenty days to file any written defenses or objections. See Fla. Prob. R. 5.040(a)(1), (2). That period expired on Monday, January 4, 2010. Mr. Long’s minor children filed no pleadings, and his two older children filed consents to the appointment of their aunt as personal representative.
On January 7, 2010, the probate court entered an order appointing Ms. Willis as personal representative. That form order states that letters of administration “shall be issued” when Ms. Willis filed her oath and a $15,000 bond. Ms. Willis had already filed the oath. However, she did not file the bond until February 1, 2010. The court subsequently issued the letters of administration the same day.
In the period between the probate court’s entry of the order appointing Ms. Willis as personal representative and the issuance of the letters of administration, Ms. Long retained an attorney and filed several pleadings. She filed an “Objection *7 to Petition for Administration and Appointment of Robin Willis as Personal Representative” dated January 7, 2010, and filed January 8, 2010. On January 19, 2010, Ms. Long filed a “Petition to Stay Issuance of Letters of Administration and for an Order Removing Robin Willis as Personal Representative.” Ms. Long filed this as “natural mother” of the three minor children. Without alleging any factual basis, Ms. Long claims that it is not in the best interests of the three minor children for their aunt, Ms. Willis, to serve as the personal representative. The pleading seeks the appointment of Ms. Long as personal representative, claiming that she has preference in appointment as the personal representative because she is the natural guardian of Mr. Long’s three minor children, who represent the majority in interest of the heirs.
On January 19, 2010, Ms. Long also filed a “Counter-Petition for Administration” that does not directly challenge the January 7 order appointing Ms. Willis as personal representative, but rather seeks Ms. Long’s appointment. The allegations of this pleading are comparable to the allegations in a typical intestate petition for administration.
Ms. Willis moved on January 19 and January 21, 2010, to strike these pleadings as untimely filed. The probate court issued the letters of administration without resolving any of these motions even though the parties agree that the case was in an adversary posture. See Fla. Prob. R. 5.025(a) (providing that proceedings to remove a personal representative shall be adversary proceedings).
On March 8, 2010, the probate court conducted a hearing that resulted in the entry of the order on appeal, which the court entered on April 19, 2010. That order denies Ms. Long’s objection and petitions because she did not timely respond after being served with formal notice of the petition for administration and because she is not the court-appointed guardian of the property of the minor children. Ms. Willis did not raise the issue concerning the fact that Ms. Long is not a court-appointed guardian of the property; rather, the judge raised this issue sua sponte. At the hearing, the probate court also rejected Ms. Long’s argument that Ms. Willis is unqualified to serve because she is an employee of the clerk of the circuit court in Pasco County. Ms. Long has appealed this nonfinal order.
Although we affirm the probate court’s decision that Ms. Willis is qualified to serve as personal representative even though she is an employee of the clerk of the circuit court in Pasco County, we conclude that the probate court did not properly address the need for a guardian of the minor children’s property. Likewise, we conclude that the fact that Ms. Long filed her pleading shortly after the expiration of the twenty-day period did not deprive the probate court of authority to consider this issue. It is likely, given the dynamics of this family and the pending wrongful death action, that this estate needs a personal representative who can adequately consider the interests of all five children, but the probate court effectively disenfranchised the three minor children under circumstances where they should have been given an opportunity to vote for the personal representative. Accordingly, we reverse the order on appeal and remand with instructions that the probate court allow the children an opportunity to have a guardian of the property appointed and for that guardian to vote on their behalf.
II. Although Ms. Long, as natural parent, had no right to select the personal representative, she did have the right to file objections on behalf of her children.
At the hearing on Ms. Long’s petitions, the court itself raised the issue of whether *8 Ms. Long had standing to seek her own appointment as personal representative in this context. Section 733.301(1) prioritizes those persons who have preference during the process of granting letters of administration to serve as personal representative. In the probate of an intestate estate, the statute provides the following order of preference in appointment: (1) “[t]he surviving spouse,” (2) “[t]he person selected by a majority in interest of the heirs,” and (3) “[t]he heir nearest in degree.” Mr. Long’s sister, Ms. Willis, does not have any special priority under this statute. But section 733.301(3) provides that if none of the preferred persons applies, “the court shall appoint a capable person” to serve as the personal representative. As a legally competent Florida resident who has not committed a felony and is mentally and physically able to perform the duties of a personal representative, Ms. Willis is qualified to serve as personal representative. See §§ 733.302, .303.
Ms. Long argues that as the natural guardian of Mr. Long’s three minor children, she represents the majority in interest of the heirs and, therefore, has the right to select the personal representative. Significantly, the statute does not entitle a natural guardian to such a right. Rather, section 733.301(2) provides that “[a] guardian of the property of a ward who if competent would be entitled to appointment as, or to select, the personal representative may exercise the right to select the personal representative.” (Emphasis added.)
Ms. Long admits that the court never appointed her as the guardian of the property of her children, but she nevertheless claims that as their parent and natural guardian, under In re Estate of Phillips, 190 So.2d 15, 17 (Fla. 4th DCA 1966), she should have this power. In Phillips, which involved a dispute over the domicile of the decedent at the time of his death, the Fourth District affirmed that the decedent’s five-year-old son, acting through his mother and natural guardian, the decedent’s former spouse, was entitled to preference in selecting the administrator under section 732.44, Florida Statutes (1965), because he was the decedent’s sole heir and next of kin. Id.
After the Phillips decision, the legislature replaced section 732.44, which gave appointment preference to the decedent’s “next of kin” but provided no guidance for circumstances in which the next of kin was legally incompetent. The replacement statute, section 733.301, addresses the issue of legally incompetent heirs by clearly and unambiguously limiting the right to select a personal representative to the guardian of the property of such heirs, not to their natural parents. The legislature appears to have the right to create this limitation.
Thus, the probate court correctly ruled that Ms. Long could not vote for her children. That does not, however, mean that she was barred from filing objections and other pleadings for her children as their natural guardian when she was served with the formal notice in that capacity. The children could not be given notice of these proceedings through a guardian of the property because none existed.
III. Mr. Long’s minor children were not time-barred from challenging their aunt’s appointment, and the probate court had authority to allow them to seek the appointment of a guardian of their property who could exercise their vote.
The probate court properly pointed out to the parties that they were confused about the law and that the minor children could only participate in the selection of *9 the personal representative through the vote of a guardian of the property. The issue before us now is how the probate court should have handled the confusion. Although Mr. Long’s adult children consented to the appointment of Ms. Willis, the probate court appears to have concluded that the minor children were time-barred by the passage of the twenty days and that, without a guardian of the property in place, they could not vote. In other words, the probate court concluded that twenty days was sufficient for the children to petition for and obtain an order appointing a guardian of their property and for that guardian to vote on their behalf.
We conclude the probate court erred in ruling that Mr. Long’s children were time-barred from challenging the right of their aunt to appointment and that it was without authority to allow these children to seek the appointment of a guardian of the property. First, although Florida Probate Rule 5.040(a)(2) provides that where an interested person on whom formal notice is served does not serve written defenses within twenty days, the probate court may consider the pleading ex parte, Florida courts treat this rule as merely procedural; it is “‘in no sense’ a statute of limitations or a mandatory non-claim provision.” Tanner v. Estate of Tanner, 476 So.2d 793, 794 (Fla. 1st DCA 1985). Applying this reasoning in Tanner, the First District held that where the decedent’s beneficiaries filed a joint answer to the petition for administration asserting defenses five days after the time for answers had expired but before the hearing on the petition for administration and the order granting letters, the answer was timely filed. Id. Here, as in Tanner, Ms. Long, on behalf of Mr. Long’s minor children, filed the objection to the appointment of Ms. Willis as personal representative just four days after the twenty-day answer period expired and well before the probate court issued the order granting letters. Accordingly, we conclude that the trial court had the authority to consider and should have considered the minor children’s objection before the issuance of letters.
Second, we are convinced that the probate court had authority to allow Mr. Long’s minor children the opportunity to participate in the vote of the heirs. See § 733.301(1)(b)(2). By requiring a guardian of the property, section 733.301(2) creates significant procedural impediments for minor children who wish to participate in the selection of a personal representative in a contested proceeding. When there is no conflict within a family, such children may well have time to obtain a guardian of the property before the petition for administration is filed. But in a case like this, even if the mother had understood the law, she could not realistically have obtained a guardian of the property for the children and allowed that guardian to vote for the children within the twenty-day response time. We conclude that the probate court had authority and should have allowed Ms. Long a reasonable time to obtain a guardian of the property to vote for the children.
We emphasize that section 733.301 only determines the person who has “[preference in appointment”; it does not expressly or by implication confer an absolute right of appointment to persons within the enumerated classes. See In re Estate of Snyder, 333 So.2d 519, 519-20 (Fla. 2d DCA 1976) (interpreting section 732.44, Florida Statutes (1973), the previous preference-in-appointment statute, as discretionary); Garcia v. Morrow, 954 So.2d 656, 658 (Fla. 3d DCA 2007) (interpreting section 733.301, Florida Statutes (2006), the current preference-in-appointment statute, as discretionary). Although the probate court almost always appoints *10 the preferred person, in exceptional circumstances such as this, where the heirs are essentially members of two distinct families with adverse interests, if the record supports the conclusion that the person with statutory preference “ ‘lacks the necessary qualities and characteristics,’ the court has discretion to refuse to make the appointment.” Garcia, 954 So.2d at 658 (citing Padgett v. Estate of Gilbert, 676 So.2d 440, 443 (Fla. 1st DCA 1996)).
This case is distinct from Stalley v. Williford, 50 So.3d 680, 681 (Fla. 2d DCA 2010), where this court held that the probate court abused its discretion by refusing to appoint the personal representative selected by the decedent’s two minor children through the guardians of their property. In Stalley, the two minor children were the intestate decedent’s sole heirs, and acting through the guardians of their property as authorized under section 733.301(2), they agreed to select Douglas Stalley to serve as personal representative. Stalley, 50 So.3d at 681. The probate court appointed the decedent’s father, Harrison Williford, instead. Id. This court held that in the absence of any evidence that Mr. Stalley was unfit to serve, the probate court abused its discretion in appointing someone without statutory preference when the sole heirs agreed to select Mr. Stalley. Id. (citing § 733.301(1)(b)). The case is distinct in that here the heirs, Mr. Long’s adult children from one marriage and his minor children from another, have very different interests and do not agree as to which individual will best represent those interests. We conclude that if Mr. Long’s minor children were to exercise their sixty-percent vote to select someone who would not fairly administer the estate for all heirs, the probate court would not be compelled to honor their preference.
IV. An employee of the clerk of court is not an employee of the court.
Finally, Ms. Long argues that Ms. Willis is not qualified to serve as a personal representative because she is an employee of the clerk of the circuit court. Ms. Long first raised this issue in a letter to the court from her counsel. The record does not contain the facts and circumstances of Ms. Willis’s employment except for the parties’ agreement that she is employed in some capacity by the clerk of court.
Section 733.301(3) provides that in both testate and intestate proceedings, if none of the persons entitled to preference come forward to serve, the court can appoint “a capable person.” Because three of the five children did not participate in the selection of Ms. Willis, Ms. Long argues that Ms. Willis was appointed not by the vote of the participating heirs but as a capable person. Assuming that to be the case, Ms. Long then argues that the court cannot so appoint Ms. Willis because section 733.301(3)(a) excludes from the class of “capable person[s]” a person “[w]ho works for, or holds public office under, the court.”
The Florida Probate Code defines “[cjourt” as “the circuit court.” § 731.201(7), Fla. Stat. (2009). The clerk of the circuit court is a separate constitutional officer elected by the voters and not selected by the judges of the circuit. Art. V, § 16; art. VIII, § 1(d), Fla. Const. For purposes of this statute, an employee of the clerk of the circuit court is not an employee of “the court.” Therefore, Ms. Willis’s status as an employee of the clerk of the circuit court does not preclude her from serving as personal representative.
Although we conclude that Ms. Willis is qualified to serve as a personal representative and was duly appointed by an order expressly appointing her as personal representative, we reverse and remand with *11 instructions that the probate court allow Mr. Long’s minor children the opportunity to seek the appointment of a guardian of their property and allow that guardian the opportunity to exercise the children’s right to vote for the personal representative.
Reversed and remanded.
SILBERMAN, C.J., and LaROSE, J., Concur.