SHEPHERD, J.
 

 Mathew Rocca challenges an order admitting a will executed by his grandfather, Sidney Boyansky, on November 16, 2007, into probate and appointing appellees, Irene Boyansky, his widow, and Victor K. Rones, Esq., as personal representatives of his estate. Rocca argues that because he filed a caveat and challenge to the validity of the will prior to the appointment of Irene Boyansky and Victor Rones as personal representatives, the trial court erred in admitting the will to probate before ruling on his challenge to the validity of the will. We agree and reverse the order on appeal. A brief recitation of the factual background and procedural history of this case is necessary to our decision.
 

 FACTUAL BACKGROUND AND PROCEDURAL HISTORY
 

 Sidney Boyansky died on April 23, 2009. He executed two wills that are at issue, dated respectively July 29, 2004, and November 16, 2007. In his November 16, 2007, will, Boyansky nominated Emile Martin and Victor K. Rones as personal representatives of his estate and directed that the residuary, after payment of expenses and distribution of personal property, pour into the Second Restated Sidney Boyansky Revocable Trust for distribution pursuant to its terms. The July 29, 2004, will nominated Joseph Rupert and Victor K. Rones as personal representatives, and directed that the remaining assets of Sidney Boyansky’s estate, after expenses and bequests of personal property, pour into an earlier Revocable Trust Agreement of November 12, 1999, as amended by a First Amendment of January 25, 2002. The substantial difference between the two sets of instruments is that Mathew Rocca is disinherited under the Second Restated Sidney Boyansky Trust, but apparently not under the November 12, 1999, revocable trust as amended.
 

 On June 10, 2009, Irene Boyansky, Emile Martin, and Victor Rones filed a Petition for Administration accompanied by the November 16, 2007, will, seeking to have Martin and Rones appointed as personal representatives thereunder for purposes of administering the estate. On August 21, 2009, Mathew Rocca filed a “Caveat by Interested Person” in the action, requesting the court not to admit a will to probate or appoint a personal representative without providing him or his designated agent, Christopher Wintter, formal notice of the proceeding in accordance with Florida Probate Rule 5.260(f). The petitioners responded on August 25, 2009, with an Amended Petition for Administration, modified only to request that Sidney Boyansky’s widow, Irene, be appointed as co-personal representative of the estate of Sidney Boyansky under the November 16, 2007, will in the stead of Emile Martin. Formal notice of the proceeding was served on Rocca and his designated agent on August 31, 2009. In accordance with Florida Probate Rule 5.040(a), the formal notice served on Roc-ca notified him he had twenty days within which to serve written defenses to the Amended Petition, and his failure to do so “may result in a judgment or order for the relief demanded in the pleading or notice, without further notice.”
 

 Rocca did not file a response within the period allotted by the rule. Instead, on September 21, 2009, he filed an Objection to the Amended Petition for Administration, Objection to Admission of Last Will and Testament to Probate and Motion for Enlargement of Time to File and Serve an
 
 *380
 
 Answer to the Petition for Administration and Counter Petition for Administration. The trial court ultimately extended Rocca’s time within which to file his answer and counter-petition to December 15, 2009. Meanwhile, on November 13, 2009, the petitioners noticed a fifteen-minute special set hearing for December 22, 2009, before the trial court on its Amended Petition for Administration. The notice of hearing did not state whether the hearing was intended to be an evidentiary hearing.
 

 Rocca finally filed his Answer, Affirmative Defenses, and Counter Petition for Administration thirty minutes before the commencement of the December 22, 2009, hearing. He asserted in his filings that the November 16, 2007, will was invalid because his grandfather lacked testamentary capacity at the time it was executed and the will was procured by undue influence. By his Counter Petition, Rocca petitioned for administration of the July 29, 2004, will, or, alternatively, distribution pursuant to the laws of intestacy. Faced with a tardy filing, the petitioners argued at the hearing the court should admit the November 16, 2007, will to probate as sought by the Amended Petition because (1) Rocca effectively defaulted on the allegations of the Amended Petition by untimely filing his Answer, Affirmative Defenses and Counter-Petition; or, alternately, (2) the proper procedure under the circumstance was for the court to admit the November 16, 2007, will to probate and rule on its validity thereafter. Rocca stood on the allegations in his late filed Answer, Affirmative Defenses, and Counter Petition, arguing the trial court first was required to adjudicate his freshly filed challenge to the November 16, 2007, will before appointing personal representatives or issuing letters of administration. At the conclusion of the hearing, the trial court admitted the November 16, 2007, will to probate as a self-proving will, appointed Irene Boyansky and Victor Rones as personal representatives under the will, and issued letters of administration to the appellees. Perhaps swayed by the petitioners’ argument that Rocca’s tardy filing of his Answer, Affirmative Defenses and Counter Petition amounted to a default on the allegations of the Amended Petition, the trial court stated in its written order that “no objection ha[d] been made to [the will’s] probate.” The trial court erred in entering this order.
 

 ANALYSIS
 

 Section 733.2123 of the Florida Statutes (2009), reads as follows:
 

 733.2123 Adjudication before issuance of letters
 

 A petitioner may serve formal notice of the petition for administration on interested persons. A copy of the will offered for probate shall be attached to the notice. No person who is served with formal notice of the petition for administration prior to the issuance of letters or who has waived notice may challenge the validity of the will, testacy of the decedent, qualifications of the personal representative, venue, or jurisdiction of the court, except in the proceedings before issuance of letters.
 

 (emphasis added). This section must be read in conjunction with section 731.110(3) of the Florida Probate Code and Florida Probate Rule 5.260(f). Section 731.110(3), Florida Statutes (2009), provides:
 

 When a caveat has been filed by an interested person other than a creditor, the court shall not admit a will of the decedent to probate or appoint a personal representative until the petition for administration has been served on the caveator or the caveator’s designated
 
 *381
 
 agent by formal notice and the caveator has had the opportunity to participate in proceedings on the petition.
 

 (emphasis added). Rule 5.260(f) complements this provision of the Code, stating: “After the filing of a caveat by an interested person, other than a creditor, the court shall not admit a will of the decedent to probate or appoint a personal representative without service of formal notice on the caveator or the caveator’s designated agent.” Thus, it appears that if a caveat is filed, the permissive language of section 733.2123 becomes mandatory and requires the petitioner to serve formal notice of his or her petition upon caveators, as provided under section 731.110(3).
 
 See In re Estate of Hartman v. Eberhardt,
 
 836 So.2d 1038, 1039 (Fla. 2d DCA 2002). The clear implication of these sections of the Florida Probate Code and Rules is that will contests and the rights of caveators must be determined prior to letters of administration being issued, and we so hold.
 
 See Wheeler v. Powers,
 
 972 So.2d 285, 289 (Fla. 5th DCA 2008);
 
 In re Estate of Hartman,
 
 836 So.2d at 1039 (“[P]robate court was obliged to make a determination on th[e] challenge to the will prior to appointing a personal representative and admitting the will to probate.”);
 
 Grooms v. Royce,
 
 638 So.2d 1019, 1021 (Fla. 5th DCA 1994) (“The trial court is required to rule on the challenge to the will
 
 before
 
 proceeding to probate or naming the personal representative .... ”);
 
 In re Estate of Roberg,
 
 396 So.2d 235, 236 (Fla. 2d DCA 1981) (“In an original administration, a will contest must be resolved prior to admission of the will to probate if the personal representative petitioner has served the interested person with a copy of the petition.”);
 
 see also Street v. Crosthwait,
 
 136 Fla. 327, 186 So. 516 (1939);
 
 Barry v. Walker,
 
 103 Fla. 533, 137 So. 711 (1931) (noting that a caveat filed by will contestant precludes the admission of the will to probate until the caveator has been given notice, thereby affording opportunity to have will contest tried before probate). In this case, the trial court failed to adjudicate the validity of the November 16, 2007, will before admitting it to probate, contrary to sections 731.110(3) and 733.2123 of the Florida Statutes.
 

 On appeal to this Court, the appel-lees renew their argument that affirmance nevertheless is in order because Rocca defaulted on the Amended Petition and was barred from defending against it by untimely filing his answer and affirmative defenses to the Amended Petition. Alternatively, the appellees argue Rocca was given a hearing and did not take advantage of it. We disagree.
 

 It is true Rocca was given a hearing. The hearing was noticed by the appellees on November 13, 2009, a full month before it occurred. However, the appellees did not notice the hearing as an evidentiary hearing, and there was no reason then for them to do so since the Answer, Affirmative Defenses, and Counter-Petition had yet to be filed. Moreover, the record is clear the trial court offered Rocca no opportunity to present evidence or argument relating to the validity of the will during the course of the hearing. The hearing consisted entirely of procedural arguments by the respective parties. The fact the trial court stated in its written order that “no objection ha[d] been made to [the will’s] probate” confirms the trial court did not consider or rule on Rocca’s will contest and, in all likelihood, concluded that Roc-ca’s untimely filing of his Answer, Affirmative Defenses, and Counter Petition was fatal to his challenge to the validity of the November 16, 2007, will.
 

 Section 731.110(3) of the Florida Statutes (2009), commands that a caveator “ha[ve] had the opportunity to participate
 
 *382
 
 in proceedings on the petition” before a will is admitted to probate. We believe this command to be in the nature of a statutorily created procedural due process right requiring the caveator be given a full and fair opportunity to be heard before his substantial interests are determined. In the context of a will contest, this statutory “right to be heard includes the right to introduce evidence at a meaningful time and in a meaningful manner. It also includes the right to cross-examine witnesses and be heard on questions of law.”
 
 State Dep’t of Fin. Servs. v. Branch Banking & Trust Co.,
 
 40 So.3d 829, 833 (Fla. 1st DCA 2010) (quoting
 
 Vollmer v. Key Dev. Props., Inc.,
 
 966 So.2d 1022, 1027 (Fla. 2d DCA 2007)). This right is more than simply being allowed to be present and speak.
 
 Branch Banking,
 
 40 So.3d at 833. In our case, Rocca made clear to the trial court he desired an evidentiary hearing on the validity of the November 16, 2007, will before the court allowed it to be probated. The trial court did not accede to his request. In so doing, the trial court acted contrary to its obligation under section 731.110(3) of the Florida Probate Code.
 

 The appellees would excuse this error on the basis that Rocca was barred from defending against the allegations of the Amended Petition by the untimely filing of his answer and affirmative defenses to the Amended Petition. We find no merit to this argument. Rocca was obligated to serve written defenses to the petition served on him within twenty days after formal notice of the petition. Fla. Prob. R. 5.040(a)(1). His Answer, Affirmative Defenses, and Counter Petition in this case was due (after court sanctioned extensions) on December 15, 2009. He filed this response seven days late and thirty minutes before the December 22, 2009, hearing. If the trial court was annoyed with Rocca and his counsel, it had every right to be so. However, the law is clear that Rule 5.040(a)(1) is neither a statute of limitations nor a mandatory non-claim provision.
 
 See Long v. Willis,
 
 - So.3d -, 2011 WL 3587411 (2011);
 
 Nardi v. Nardi,
 
 390 So.2d 438, 440 n. 2 (Fla. 3d DCA 1980). Rather, this Court and other Florida courts which have considered the question all treat the rule as a procedural one.
 
 See Long,
 
 - So.3d at -;
 
 see also Tanner v. Estate of Tanner,
 
 476 So.2d 793, 794 (Fla. 1st DCA 1985). Since Rocca’s Answer, Affirmative Defenses, and Counter Petition was filed before the hearing on the petition, Rocca was not barred from participation in the hearing on the Amended Petition or asserting such defenses as he had to that petition.
 
 Tanner,
 
 476 So.2d at 794 (reversing order striking beneficiaries’ untimely filed answers to petition for administration, which were filed before the hearing on the petition and before entry of order admitting will to probate and granting letters of administration).
 

 For these reasons, we vacate the order admitting the November 16, 2007, will to probate and remand with directions to adjudicate Rocca’s will contest before appointing personal representatives and issuing letters of administration.
 

 Reversed and remanded with directions.