WALLACE, Judge.
Renee Long (Renee), as the guardian of the property of Emily N. Long, Evan A. Long, and Edward M. Long, challenges the probate court’s order denying her petition to remove Robin Willis, n/k/a Robin Long (Robin), as the personal representative of the estate of Thomas Scott Long, deceased, and to appoint a successor personal representative.[1] Because the pro *82 bate court did not abuse its discretion in concluding that Renee’s nominee was an unsuitable candidate to administer the estate, we affirm the probate court’s order.
I. THE FACTUAL AND PROCEDURAL BACKGROUND
Renee filed her petition after the issuance of this court’s opinion in an earlier appeal, which reversed an order denying Renee’s counterpetition for administration, to stay issuance of letters of administration, and to remove Robin as the personal representative of the decedent’s estate. Long v. Willis (Long I), 100 So.3d 4 (Fla. 2d DCA 2011).[2] In our earlier opinion, we concluded that Robin is qualified to serve as personal representative. Id. at 10. However, we also concluded that the probate court erred in ruling that Renee’s minor children, who hold the majority interest in the estate, were time-barred from challenging Robin’s appointment. Id. at 8-10. Accordingly, the probate court erred in ruling that it had no authority to allow them to seek the appointment of a personal representative of their own choice. We reversed the order under review and remanded the case to the probate court “with instructions that the probate court allow Mr. Long’s minor children the opportunity to seek the appointment of a guardian of their property and allow that guardian the opportunity to exercise the children’s right to vote for the personal representative.” Id. at 10-11.
The mandate in Long I issued on September 6, 2011. Approximately one month later, Renee applied to be appointed as the guardian of the property of her three minor children. The probate court entered an order appointing Renee as the guardian of the property of the three children on November 14, 2011.[3] On December 28, 2011, Renee, as guardian, filed her petition seeking the appointment of Hugh C. Umsted, a local attorney, as the personal representative of the estate and the substitution of Mr. Umsted in place of Robin.
At a hearing on her petition, Renee argued that, in accordance with this court’s mandate in Long I, she was entitled to the appointment of Mr. Umsted as personal representative and to the revocation of the letters of administration issued to Robin in the absence of any showing that Mr. Umsted was not qualified to serve as personal representative.[4] After the hearing, the probate court entered an order denying Renee’s petition. This appeal followed.
II. THE PROBATE COURT’S RULING
The probate court denied Renee’s petition on two grounds. First, the probate court ruled that Renee did not seek her appointment as guardian of the property of her children within a reasonable time. *83 Second, the probate court found that Mr. Umsted was not a suitable person to serve as personal representative because he had a conflict of interest. We review the probate court’s order for abuse of discretion. Stalley v. Williford, 50 So.3d 680, 681 (Fla. 2d DCA 2010); DeVaughn v. DeVaughn, 840 So.2d 1128, 1132 (Fla. 5th DCA 2003).
III. DISCUSSION

A. The Reasonable Time Issue

In our earlier opinion, this court said that “the probate court had authority and should have allowed [Renee] a reasonable time to obtain a guardian of the property to vote for the children.” Long I, 100 So.3d at 9. At the hearing on Renee’s petition, the probate court, on its own motion, raised the issue of whether Renee had applied to be appointed as guardian within “a reasonable time.” The probate court faulted Renee for not applying to be appointed as guardian much earlier than she did. In considering what would be a reasonable time for Renee to obtain the appointment of a guardian, the probate court focused on the period from an earlier hearing conducted on March 8, 2010, until Renee filed her petitions for appointment of a guardian of the property on October 4, 2011. By the probate court’s calculation, the period of Renee’s delay amounted to approximately nineteen months. In its written order, the probate court “conclude[d] that the failure to seek to be appointed guardian of the minors’ property for over one and a half years far exceeds ‘a reasonable time.’ ”
The unmistakable import of our ruling in Long I was that — upon remand— Renee would have an opportunity to obtain the appointment of the guardian of the property of the three minor children and to vote her preference for personal representative. After remand, Renee clearly accomplished what we anticipated within a reasonable time. Neither the probate court nor counsel for Robin has pointed to any prejudice to the estate or its beneficiaries resulting from the delay of approximately one month between the issuance of this court’s mandate and Renee’s filing of her petitions for appointment of a guardian of the property. In raising the issue of delay on its own motion and in choosing a time frame beginning long before the issuance of our mandate to calculate the period of a purported delay in order to deny Renee her right to vote her preference, the probate court disregarded this court’s instructions and failed to follow our mandate. “A trial court is without authority to alter or evade the mandate of an appellate court absent permission to do so.” Blackhawk Heating & Plumbing Co. v. Data Lease Fin. Corp., 328 So.2d 825, 827 (Fla.1975). Thus the probate court erred in ruling that Renee was not entitled to vote her preference because of an unreasonable delay in obtaining the appointment of a guardian. We turn now to a consideration of the probate court’s second reason for denying Renee’s petition.

B. The Conflict Issue

The decedent died intestate, and he left no surviving spouse. Renee’s minor children held a sixty percent interest in the estate. Thus Renee’s nominee was entitled to preference in appointment as personal representative. § 733.301(l)(b)(2), (2), Fla. Stat. (2009). However, the probate court has the discretion to appoint someone other than the preferred person if he or she is an unsuitable candidate to serve as personal representative. Bowdoin ex rel. Bowdoin v. Rinnier, 81 So.3d 582, 583 (Fla. 2d DCA 2012) (citing In re Estate of Snyder, 333 So.2d 519, 520 (Fla. 2d DCA 1976)). “Unsuitableness to administer may well consist in an adverse interest of some kind, or hostility to those *84 immediately interested in the estate, whether as creditors or distributees, or even of an interest adverse to the estate itself.” Snyder, 333 So.2d at 520 (quoting Hoover v. Hott (In re Abell’s Estate), 395 Ill. 337, 70 N.E.2d 252, 256 (1946)). Where the probate court chooses to appoint someone other than the preferred person, “the record must show that the preferred person is not fit to serve as personal representative.” Bowdoin, 81 So.3d at 583 (citing DeVaughn, 840 So.2d at 1133).
Here, the second reason the probate court offered for declining to appoint Mr. Umsted was that he had a conflict of interest that might make it difficult for him to administer the estate in the interest of all the beneficiaries. We emphasize that no one questioned Mr. Umsted’s integrity or his ability to administer the estate competently and efficiently. Indeed, at the hearing, the probate judge described Mr. Umsted as “an excellent attorney.” However, Robin argued against the appointment of Mr. Umsted based on his prior participation in the pending probate case. The probate court made the following findings concerning Mr. Umsted’s prior participation as follows:
[Sjhortly after decedent’s death, Renee Long hired the litigation firm of Po-dhurst & Orseck, P.A., for the purpose of bringing claims on behalf of her minor children. Attorney [Ricardo] Martinez-Cid, of that firm, represented [Renee] at the March 10, 2010, hearing and has represented her in matters involving this case since that time.... The record and testimony show that Hugh Umsted, Esq., has represented the minor children in documents filed in the [pending probate] case, including signing, on behalf of Ms. Renee Long, as natural guardian of the minor children, the “Agreement as to Distribution of Wrongful Death Settlement Proceeds and to Entry of Amended Order of Approval,” and by appearing as co-counsel with Ricardo Martinez-Cid, Esq., as evidenced by Motion to Appear Telephoni-cally at the status conference hearing set by this Court and hearing for Approval of Wrongful Death Settlement both held on October 19, 2011. Finally, a review of the record indicates that Attorney Umsted filed a “Notice of Special Limited Appearance” as litigation counsel for Renee Long, at [the] hearing on the Personal Representative’s Motion for Appointment of Guardian Ad Litem, referenced above, at which time Attorney Umsted voiced his client’s objection to the appointment.
The probate court’s findings are supported by the record. In addition, we note that Mr. Umsted signed the Agreement as to Distribution of Wrongful Death Proceeds and to Entry of Amended Order of Approval as “Attorney for Renee Long” and that he is identified on the certificate of service on several pleadings and orders in the probate case as “Attorney for Renee Long” or “Special Litigation [Cjounsel for Renee Long.”
At the time of the hearing on Renee’s petition, the estate had settled its wrongful death claim against one set of defendants, but it was still prosecuting a separate wrongful death claim against another set of defendants. In the event of a settlement of the action that was still pending or a limited recovery, there would likely be a conflict of interest between Renee’s three children and the two other children. See Wagner, Vaughan, McLaughlin & Brennan, P.A. v. Kennedy Law Grp., 64 So.3d 1187, 1194 (Fla.2011); Wiggins v. Estate of Wright, 850 So.2d 444, 448-49 (Fla.2003); Catapane v. Catapane (In re Estate of Catapane), 759 So.2d 9, 12 n. 1 (Fla. 4th DCA 2000). Undeniably, Mr. Umsted had appeared as an attorney in the pending *85 probate proceeding in the interest of the three minor beneficiaries. Thus, before he was considered for appointment as personal representative, Mr. Umsted had already aligned himself with Renee’s children — a fact raising the possibility that he would favor them to the detriment of the two other beneficiaries in the proceedings to follow. Under these unusual circumstances, we cannot say that the probate court abused its discretion in concluding that Mr. Umsted was not a suitable candidate to administer the estate.
IV. CONCLUSION
Based on the conflict issue alone, we affirm the probate court’s order.
Affirmed.
ALTENBERND and CRENSHAW, JJ., Concur.

. We refer to the parties by their first names to avoid confusion.

. This court’s opinion in Long I sets out much of the pertinent factual and procedural background in this case. We will not repeat this information here. We do note that our earlier opinion incorrectly described the aircraft that the decedent was flying when he crashed as a "crop-dusting airplane.” Long I, 100 So.3d at 6. The record in this appeal reveals that the aircraft was a Piper Malibu with six seats.

. Since the entry of the order appointing Renee as guardian, one of the children, Emily N. Long, has reached the age of majority.

.At the hearing, the parties agreed that the title of the petition, "Petition to Remove Personal Representative and Appoint a Successor Personal Representative,” was a misnomer in that Renee was not arguing grounds for removal of Robin as the personal representative. Rather, she was seeking the appointment of Mr. Umsted as the preference of her three children, who held the majority interest in the estate, in accord with this court’s opinion in Long I.