# Third District Court of Appeal

## State of Florida

Opinion filed November 17, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1229
Lower Tribunal No. 18-3620
_____

**Henry Tien,**
Appellant,

vs.

**In Re: Estate of Paul Shu Tien,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Rosa C. Figarola, Judge.

Henry Tien, in proper person.

Dunwody White & Landon, P.A., and Jack A. Falk, Jr. and Neil R. Chrystal, for appellee, Yife Tien.

Before LINDSEY, MILLER, and LOBREE, JJ.

MILLER, J.

Appellant, Henry Tien, challenges a final order dismissing a probate action initiated by his brother, Yife Tien. In the underlying proceedings, Yife, acting in his capacity as personal representative, filed a petition to administer the estate of his late father, Paul Tien. Henry responded to the petition by filing a caveat and answer, asserting Paul lacked the testamentary capacity to execute the last version of his will and codicil, and that both testamentary documents were procured through fraud and undue influence. Henry did not, however, plead any independent, cognizable causes of action. Instead, in the "wherefore" clause of his answer, he sought affirmative relief in the form of an accounting and a deposit of assets in the court registry.

After Henry filed his responsive pleadings, Yife filed a notice of voluntary dismissal. Ostensibly to ensure closure of the court file, the following day, the trial court rendered a final order of dismissal. Henry unsuccessfully sought relief from the dismissal, and the instant appeal ensued.

On appeal, Henry contends the voluntary dismissal was improper in view of his caveat and answer. Voluntary dismissals are governed by Florida Rule of Civil Procedure 1.420. Under the rule, a plaintiff is authorized once to voluntarily dismiss a case by serving "a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if

2

the motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court." Fla. R. Civ. P. 1.420(a)(1). With carefully circumscribed exceptions, "[u]ntil either time period delineated in the rule expires," our courts have "long construed the plaintiff's right to take a voluntary dismissal to be 'absolute.'"[1] Pino v. Bank of N.Y., 121 So. 3d 23, 31 (Fla. 2013) (quoting Fears v. Lunsford, 314 So. 2d 578, 579 (Fla. 1975)).

It is well-settled, however, that a voluntary dismissal cannot serve to prejudice a pending counterclaim. See Gull Constr. Co. v. Hendrie, 271 So. 2d 775, 776 (Fla. 2d DCA 1973); Fla. R. Civ. P. 1.420(a)(2) ("If a counterclaim has been served by a defendant prior to the service upon the defendant of the plaintiff's notice of dismissal, the action shall not be dismissed against defendant's objections unless the counterclaim can

---

[1] Our high court has recognized some "specific situations in which the trial court will not be divested of jurisdiction by virtue of the plaintiff's notice of voluntary dismissal." Pino, 121 So. 3d at 33. For instance,

> when a defendant alleges fraud on the court as a basis for seeking to set aside a plaintiff's voluntary dismissal, the trial court has jurisdiction to reinstate the dismissed action only when the fraud, if proven, resulted in the plaintiff securing affirmative relief to the detriment of the defendant and, upon obtaining that relief, voluntarily dismissing the case to prevent the trial court from remedying the effects of the fraudulent conduct.

Id. at 43–44.

remain pending for independent adjudication by the court."). Further, where an interested person other than a creditor files a caveat and challenges the decedent's will, "the probate court [is] obliged to make a determination on [the] challenge to the will prior to appointing a personal representative and admitting the will to probate." In re Est. of Hartman, 836 So. 2d 1038, 1039 (Fla. 2d DCA 2002); see Rocca v. Boyansky, 80 So. 3d 377, 381 (Fla. 3d DCA 2012); see also § 731.110, Fla. Stat. (2021); Fla. Prob. R. 5.260(f). Hence, a caveat effectively precludes the admission of the will to probate until the filing party has the opportunity to litigate his or her challenge. Barry v. Walker, 137 So. 711, 714 (Fla. 1931); see also Rocca, 80 So. 3d at 381 ("[W]ill contests and the rights of caveators must be determined prior to letters of administration being issued.").

In the instant case, neither the caveat nor the answer referenced a counterclaim. Moreover, both submissions were devoid of the essential elements of any cognizable cause of action. Under these circumstances, Yife was authorized to abandon his effort to admit the disputed will and codicil to probate, and "[t]he trial court ha[d] no authority or discretion to deny the voluntary dismissal." Pino, 121 So. 3d at 31. Because "[t]he dismissal [was] effective upon service," any further litigation over the validity of the will was improper. Id. Accordingly, we discern no error and affirm.

Affirmed.