# Third District Court of Appeal

## State of Florida

Opinion filed August 7, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0008
Lower Tribunal No. 22-3185
_____

**Deborah Anderson,**
Appellant,

vs.

**In Re: Estate of Admiral Lear Anderson,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Curtis B. Lee (Lakeland), for appellant.

The Nguyen Law Firm, and Hung V. Nguyen and Benjamin J. Trotto, for appellee Klemie Christie, as Personal Representative of the Estate of Admiral Lear Anderson.

Before EMAS, SCALES and LOBREE, JJ.

PER CURIAM.

Appellant, Deborah Anderson, appeals an order denying her Petition for Probate of Will, and an order denying her Motion for Rehearing to Set Aside Order Denying Motion to Introduce Last Will. Upon our review, we find the trial court committed no error, and correctly determined that Anderson failed to timely object or respond to the petition for administration until after issuance of the Letters of Administration. See § 733.2123, Fla. Stat. (2022) ("A petitioner may serve formal notice of the petition for administration on interested persons. A person who is served with such notice before the issuance of letters or who has waived notice may not challenge the validity of the will, testacy of the decedent, venue, or jurisdiction of the court, except in the proceedings before issuance of letters."); Fla. Prob. R. 5.040(a)(1) (providing in pertinent part that the formal notice "must be served on interested persons . . . with a notice requiring the person served to serve written defenses on the person giving notice within 20 days . . . and notifying the person served that failure to serve written defenses as required may result in a judgment or order for the relief demanded in the pleading or motion, without further notice.") Compare with Rocca v. Boyansky, 80 So. 3d 377 (Fla. 3d DCA 2012) (holding that where appellant's written defenses were filed prior to issuance of the Letters of Administration, appellant was entitled to an opportunity to be heard on his challenge to the petition); Tanner v. Estate of

2

Tanner, 476 So. 2d 793, 794 (Fla. 1st DCA 1985) ("Since the answers were filed before the hearing on the petition for administration and before entry of any order admitting the will and granting letters, they were timely filed and should not have been stricken.")

Affirmed.