HOBSON, Acting Chief Judge.
Appellant Walter F. Guth is the sole living lineal descendant of the deceased Walter E. Guth. On December 19, 1976, Walter E. Guth executed a document which purported to be his will. At the time, the elder Guth was hospitalized and ultimately died on February 16, 1977. The will, handwritten on notebook paper, was duly witnessed and notarized but allegedly carried no attestation clause as required by Section 732.502(1), Florida Statutes. The testator left his entire estate to Nell F. Howard, a “companion and friend.” He specifically excluded his son, appellant Walter F. Guth, and other members of the family from sharing in the estate.
After the elder Guth’s death, Mrs. Howard initiated probate proceedings. On May 18, 1977, the circuit judge signed an order admitting the will to probate and naming Mrs. Howard as personal representative. At 3:59 p. m. on the same day, before the judge’s order had been officially recorded, appellant filed his caveat with the clerk of that court requesting that he be notified before the will was admitted to probate. On May 20, 1977, the clerk’s office issued a notice to appellant that the will had been admitted to probate. The first publication of the notice of administration was on June 2, 1977.
On June 15, appellant filed a motion for reconsideration of the order admitting the will to probate and a hearing was held on September 22, 1977. The court denied appellant’s motion for reconsideration and found that his caveat had been filed after the order of probate was entered on May 18 and was thus not timely.
On December 5, 1977, appellant filed a petition for revocation of probate of the will. The circuit judge dismissed appellant’s petition for revocation because it was filed more than 90 days after the first publication of the notice of administration in violation of Section 733.212(1)(b), Florida Statutes. Appellant brings this appeal from the final order which dismissed his petition for revocation and made final an order denying his motion to reconsider the order of probate.
Appellant Guth asks this court to find that the trial court erred in holding that his caveat was untimely filed. In the alternative, he argues that in the interest of justice his petition for revocation of probate should be construed as a timely objection challenging the validity of the will pursuant to Section 733.212(1)(b), Florida Statutes. We decline to hold that appellant’s caveat was timely filed. The cases cited by appellant for the proposition that an order is not *1100 rendered until duly recorded in the clerk’s office apply only to the computation of time in which to file a notice of appeal. The trial judge found specifically that the caveat was filed after he signed the order admitting the will to probate and we will not disturb that holding.
We do, however, agree with appellant that he has complied with the requirements of Section 733.212(1)(b) by filing a document entitled Motion to Reconsider, clearly stating his interest in the estate and specifically challenging the validity of his father’s will. The document was filed on June 15, 1977, only two weeks after the first publication of the notice of administration, well within the statutory time limit. The lower court and all interested parties were thus apprised of appellant’s grounds for objection and could have scheduled a hearing on the matter.
We therefore reverse the order of the trial court and remand this cause for further proceedings which will allow appellant’s objections to be considered on their merits.
REVERSED and REMANDED.
OTT and RYDER, JJ., concur.