NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

WILLIAM CRESCENZO,                          )
                                            )
              Appellant,                    )
                                            )
v.                                          )          Case No. 2D16-5649
                                            )
IRENE SIMPSON, as personal                  )
representative of the Estate of Herminia    )
M. Quinones, deceased,                      )
                                            )
              Appellee.                     )
_____     )

Opinion filed March 9, 2018.

Appeal from the Circuit Court for
Hillsborough County; Artemus E. McNeil,
Acting Circuit Judge.

Ann M. Allison of Allison Law Group,
Temple Terrace, for Appellant.

Rory B. Weiner of Rory B. Weiner, P.A.,
Brandon, for Appellee.

SALARIO, Judge.

        William Crescenzo appeals from an order of the probate court that

admitted the will of Herminia M. Quinones to probate.  He argues that before it could

admit the will, the probate court had to decide a challenge to the will's validity that was

contained in an answer he filed.  Ms. Quinones' estate, however, says that because Mr.

Crescenzo's challenge was not contained in a caveat under Florida Probate Rule 5.260, the court did not have to decide that challenge before admitting the will to probate. We hold that Mr. Crescenzo's answer was the functional equivalent of a caveat and reverse.

Ms. Quinones passed away on August 12, 2011. About five years later, Irene Simpson filed a petition for administration of Ms. Quinones' estate and sought to appoint herself as personal representative. The petition stated that the sole asset of the estate was a parcel of real property in Hillsborough County. It did not indicate that any other person had an interest in that property. The petition stated that Ms. Quinones had a will, identified Ms. Quinones' sister and niece as the beneficiaries of that will, and sought to have the will admitted to probate.

Mr. Crescenzo retained counsel, who filed an appearance in the probate court on his behalf. Counsel also filed a pleading styled "Answer and Affirmative Defenses to Petition for Administration." That pleading contained a caption stating that it was being filed "In re: The Estate of Herminia Quinones," identified the correct case number, and stated that Mr. Crescenzo had an interest in the estate because he was a fifty-percent owner of the real property that was its sole asset. The answer contained the name and address of Mr. Crescenzo's lawyer. It also contained "affirmative defenses" in which Mr. Crescenzo disputed the validity of the will, alleging that it was procured through fraud and undue influence, and raised objections to the administration of the estate and the appointment of Ms. Simpson as personal representative.

Without conducting a hearing or otherwise considering the issues raised by Mr. Crescenzo's pleading, the probate court entered an order admitting the will to probate and appointing Ms. Simpson as personal representative. The order found that the will had been validly executed and stated, contrary to Mr. Crescenzo's answer, that

there had been no objection to the will being admitted to probate. Mr. Crescenzo timely appeals that order, arguing that the probate court was required to consider his challenges to the will's validity and the appointment of a personal representative before admitting the will to probate.

The disputed issue in this appeal is whether Mr. Crescenzo sufficiently presented his challenges to the probate court such that it was required to rule on them before entering its order. Ms. Quinones' estate says that the answer is no because Mr. Crescenzo did not file a caveat and that his only remedy now is to file a petition to revoke probate. See § 733.109, Fla. Stat. (2016); Fla. Prob. R. 5.270.

Section 731.110, Florida Statutes (2016), governs the filing of caveats in probate proceedings. The statute provides that an interested person concerned that an estate may be administered or a will probated without his or her knowledge may file a caveat with the court.[1] § 731.110(1). A caveat may be filed either before or after the death of the person whose estate is to be administered, with the exception of caveats of creditors, who may only file after death. Id.

> If a caveat [is] filed by an interested person other than a creditor, <u>the court may not admit a will of the decedent to probate or appoint a personal representative until</u> formal notice of the petition for administration has been served on <u>the caveator or the caveator's designated agent and the caveator has had the opportunity to participate in proceedings on the petition</u>, as provided by the Florida Probate Rules.

§ 731.110(3) (emphasis added).

---

[1]There appears to be no dispute, at least insofar as this appeal is concerned, that Mr. Crescenzo is an interested person within the meaning of the statute.

Thus, when an interested person other than a creditor files a caveat and challenges the decedent's will, "the probate court [is] obliged to make a determination on [the] challenge to the will prior to appointing a personal representative and admitting the will to probate."  In re Estate of Hartman, 836 So. 2d 1038, 1039 (Fla. 2d DCA 2002); see also Rocca v. Boyansky, 80 So. 3d 377, 381 (Fla. 3d DCA 2012).  The filing of a caveat has "the effect of precluding the admission of the will to probate" until the party filing it has the opportunity to litigate his challenge.  Barry v. Walker, 137 So. 711, 714 (Fla. 1931); see also Rocca, 80 So. 3d at 381 (holding that "will contests and the rights of caveators must be determined" prior to the letters of administration being issued).

Rule 5.260 sets forth the procedural requirements for filing a caveat.  With respect to the form of the document, the rule provides that

> [t]he caveat shall contain the name of the person for whom the estate will be, or is being, administered, the last 4 digits of the person's social security number or year of birth, if known, a statement of the interest of the caveator in the estate, and the name and specific mailing address of the caveator.

Fla. Prob. R. 5.260(b).

Mr. Crescenzo filed a pleading styled "Answer and Affirmative Defenses" and did not file a pleading styled "caveat."  But we are quite comfortable under the circumstances of this case concluding that the pleading he filed was the functional equivalent of the form of caveat the rule contemplates.  It identified the estate to which it applied (Ms. Quinones' estate), it identified Mr. Crescenzo's interest in the estate (half-owner of the estate's sole asset), and it provided the name and mailing address of his authorized representative (his lawyer).  Although the caveat did not provide Ms.

- 4 -

Quinones' social security number or year of birth, our record contains no indication that Mr. Crescenzo or his counsel knew that information. Furthermore, we are not dealing with a petition filed before death or before any probate proceedings had been commenced, where the absence of that identifying information might be expected to cause confusion. Here, Ms. Simpson filed a petition for administration of Ms. Quinones' estate that contained the last four digits of Ms. Quinones' social security number. Mr. Crescenzo's answer referenced the petition and identified the case number assigned to it, such that anyone who needed it could have found it.

In sum, any differences between the pleading Mr. Crescenzo filed and the caveat contemplated by rule 5.260 were matters of form that had no effect on the substance of the proceedings. Our court's decision, In re Guth's Estate, 374 So. 2d 1098 (Fla. 2d DCA 1979), demonstrates that a probate court should consider an interested person's will contest even where it has been pleaded with imperfect form. There, an interested person filed a caveat with the probate court on the same day that the court entered an order admitting the will to probate. Id. at 1099. After the court denied the caveat as untimely, he filed a motion for reconsideration; the probate court also denied that motion. Id. Finally, the interested person filed a petition for revocation of probate, but that was also denied as untimely because it was beyond the ninety-day window allowed by statute. Id.

Although we affirmed the probate court's determination that the interested person's caveat was untimely, we reversed the denial of the motion to reconsider. Id. at 1100. We held that the trial court should have considered his challenge to the decedent's will because his motion "clearly stat[ed] his interest in the estate and specifically challeng[ed] the validity of his father's will." Id. Because the probate court

- 5 -

and all parties were apprised of the nature of his challenge, we reasoned, the interested person was entitled to a hearing on his will contest. Id.

As in Guth's Estate, here we think any variance in form between Mr. Crescenzo's answer and a true caveat is immaterial. There is no question that his answer identified his interest in the estate; there is no question that his answer put the court and the parties on notice of a will contest; there is no question that his answer precisely identified the decedent and will to which his challenge pertained; and there is no question that he was looking for a decision on his will contest before the will was admitted to probate. This is a case in which the substance of what Mr. Crescenzo was doing is obvious and any defect in form is inconsequential. See, e.g., Fla. Prob. R. 5.020(a) ("No defect of form impairs substantial rights . . . ."); In re Estate of Koshuba, 993 So. 2d 983, 986 (Fla. 2d DCA 2007) ("We agree . . . that Mr. Zilewicz's written statements, made within his Petition for Administration and the Amended Petition for a Guardian ad Litem, were substantially sufficient to place interested persons on notice of his claim. The documents filed in the probate proceeding . . . are defective as to form, but they sufficiently state the character and extent of his claim."); Harbour House Props., Inc. v. Estate of Stone, 443 So. 2d 136, 137 (Fla. 3d DCA 1983) ("The creditor's response to the motion to strike its claim became the functional equivalent of a motion to excuse the untimely filing of a claim against the estate.").

Because Mr. Crescenzo's "Answer and Affirmative Defenses" was the functional equivalent of a caveat on the facts of this case, we conclude that the probate court erred in entering its order without first addressing Mr. Crescenzo's will contest. We reverse and remand with instructions for the probate court to vacate the order

- 6 -

admitting Ms. Quinones' will to probate and appointing Ms. Simpson as personal representative and to conduct further proceedings consistent with this opinion.

Reversed and remanded.

NORTHCUTT and CASANUEVA, JJ., Concur.